# Hennessey v. United Stove Repair Co., Appellant.

*Negligence—Workmen's Compensation Act—Findings of fact—Appeals—Examination of evidence—Act of June 2, 1915, P. L. 736.*

Under the Act of June 2, 1915, P. L. 736, it is the duty of the Workmen's Compensation Board when an appeal is taken from the referee's report, to examine all the evidence submitted when questions of fact are presented, and a hearing de novo is not allowed. The right of the parties to insist that the board shall examine all the evidence, and from it make its finding, is a right given by the act, and where it affirmatively appears from the board's report that it has not considered the material and relevant evidence of one of the parties, such action is a denial to that person of a substantive right which the law gives, and such action presents a legal question for the determination of the appellate courts. In such a case it is not the duty of the appellate court to determine whether a valid claim has been presented under the act. That is peculiarly the function of the compensation board, and the case will be remanded to that body for hearing and determination as provided by the statute.

Where a workman during working hours steps on a tack or nail and injures his toe, and thereafter goes into a different employment in another plant, and subsequently enters into a compensation agreement for a small amount with his first employer, and a few weeks afterwards dies from a swelling in the neck, the widow in an action for her husband's death cannot set up the compensation agreement as res adjudicata that the injury was received during the course of employment. In such a case, if the Workmen's Compensation Board finds for the widow on the sole ground "that the matters contained in said compensation agreement are res adjudicata," without considering any other evidence, the case will be remanded to the Compensation Board for further hearing and determination.

Argued Oct. 8, 1917. Appeal, No. 273, Oct. T., 1917, by defendant, from order of C. P. No. 1, Philadelphia Co., March T., 1917, No. 4147, dismissing exceptions to decision of the Workmen's Compensation Board in case of Marie A. Hennessey v. United Stove Repair Company, defendant, and Employers' Liability Assurance Corporation, Ltd. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

·Appeal from order of Workmen's Compensation Board.

The facts are set forth in the opinion of the Superior · Court.

*Error assigned* was in dismissing exceptions to Workmen's Compensation Board.

*Russell Duane,* for appellants.—The defendant is not estopped by the compensation agreement entered into with the decedent from raising after his death questions relating to the nature of the accident.

The question as to how the accident occurred and the further question whether the accident caused the death so as to make defendant responsible under the Workmen's Compensation Act, involve mixed questions of law and fact, as to which a right of appeal lies to the courts.

The Workmen's Compensation Board erred in holding that the testimony of the experts called was unsatisfactory and that little weight could be attached to it inasmuch as there was an overwhelming preponderance of entirely competent testimony against the claimant's contention that the accident caused Hennessey's death, and it was improper for the board to indulge in a "capricious disbelief" of said expert testimony. The Court of Common Pleas should, therefore, have reversed the findings of the board and remanded the case for further consideration, with full instructions on the points of law involved: Lonzer v. Lehigh Val. R. R. Co., 196 Pa. 610.

*William M. Boenning,* for appellee, cited as to res adjudicata: Stayton v. Graham, 139 Pa. 1; Weaver v. Adams, 132 Pa. 392; Perot v. Packer, 2 Ash. 155; Stokely v. DeCamp, 2 Gr. 17; Warner v. Scott, 39 Pa. 274; Schaeffer v. Landis, 1 S. & R. 449; App v. Dressbach, 2 Rawle 287; Irwin v. Nixon, 11 Pa. 419; Rockwell v. Langley, 19 Pa. 502; Taylor v. Cornelius, 60 Pa. 187.

OPINION BY KEPHART, J., December 13, 1917:

Dennis Hennessey, while an employee of the defendant, on January 24, 1916, was injured. Shortly after the accident, or on April 20th, he executed an agreement under the Compensation Act by which his claim was settled. Before that, or on April 3d, he worked at the Baldwin Locomotive Works and continued at such employment until May 27th. He developed a swelling in the neck which grew rapidly worse and death ensued from cellulitis of the neck. A dependent's claim for compensation was then filed against the appellant, who takes this appeal from the action of the court below in sustaining an award under that claim.

It will be necessary to examine the Workingmen's Compensation Act to determine our authority to pass on the questions presented by this appeal, as all the procedure for such claims is regulated by statute. After the claim has been passed on by a referee, it provides for an appeal to the compensation board. Where if an appeal is based on errors of law, it is the duty of the board to hear and determine such questions. Where the appeal avers a finding of fact contrary to the evidence, it is discretionary with the board as to whether it shall grant a hearing de novo, or determine from the testimony submitted whether the referee's report should be sustained. It is, however, the duty of the board, when an appeal is taken, to examine all the evidence submitted when questions of fact are presented and a hearing de novo is not allowed. As to these matters, the board acts under Section 421, and its decision is found as the referee's findings are warranted or "unwarranted by the evidence." The right of the parties to insist that the board shall examine all the evidence and from it make its finding, is a right given by the act, and where it affirmatively appears from the board's report that it has not considered the material and relevant evidence of one of the parties, such action is a denial to that person of a substantive right which the law

gives, and such action presents a legal question for the determination of the appellate courts. In such case, it is not our duty to determine whether a valid claim has been presented under the act. That is peculiarly the function of the compensation board. We will remand the case to that body for hearing and determination, as provided by the statute. The appellate courts, under the act, will consider "matters of law."

In holding that the injury was received during the course of employment, the board based its finding exclusively on the compensation agreement made by Hennessey on the 20th of April and held "that the matters contained in said compensation agreement are res adjudicata" and could not be disturbed unless it be shown that "it was secured by fraud, accident or mistake." The court below held that while the agreement was not res adjudicata, the board, not being a court of law, it was admissible in evidence as an admission that would be an estoppel.

When the agreement was executed, a small amount of money was allowed for the few weeks' incapacity and the claimant thereafter returned to a different class of work at another establishment. It is urged that this agreement for compensation was made to avoid unnecessary litigation over a small amount of money, and if the effect attributed to it by the board, or the court below, is to be the law, it would have a tendency to stifle meritorious settlements when small amounts are involved. Further, the agreement shows on its face that it was not to be conclusive as to employment. The cause of the accident is stated: "Hennessey claims he stepped on a tack which ran into his toe." Under the compensation act the board is not held to "be bound by the technical rules of evidence in conducting any hearing or investigation," and the agreement was admitted in evidence by the referee. Its value or weight was for the referee in the first instance, and the compensation board on appeal. Undoubtedly, these compensation agree-

ments, operating and effective without changed conditions, are and should be binding and should not be disturbed unless through evidence showing fraud, accident or mistake. Section 423, which covers this phase of the case, has reference to agreements under which compensation is being received, and the averments contained in that agreement as they relate to the compensation so received. It did not relate to a condition different from that under which the employee was being compensated, though arising from the same injury. This employee died some months after the agreement was executed. The money therein mentioned had been paid and the receipt given in pursuance of the agreement. A part thereof reads: "Received......the total sum of Twenty-two Dollars fifty Cents ($22.50), in full settlement of Compensation under the Pennsylvania Workmen's Compensation Law for all injuries received by me on or about the 24th day of January, 1916, while in the employ of above." The dependent's petition, through which this case comes before us, avers the same cause of accident that Hennessey averred under his compensation agreement. If the matter contained in the agreement is res adjudicata, or has the effect of an estoppel, it with the receipt, should operate on all parties; but this was not the intention, the spirit or the language of the Workingmen's Compensation Act. The legislature intended these agreements, under the protection of the board, to be elastic; that is, where the incapacity increased, the compensation could be enlarged, where it decreased, it could be modified, and where it disappeared, it could be terminated and the judgments that could be entered on such agreements as a lien were likewise enlarged, modified or concluded, as the facts required. Section 426 provides in all such cases: "The procedure shall be the same as that provided in the case of an original agreement or petition." It would seem to require all the essentials of an original claim. This board has since held that a dependent did not acquire

any right against an employer by reason of a compensation agreement entered into between an employer and a deceased employee during his lifetime, and that an incorrect wage would not be allowed though stipulated in the compensation agreement. The compensation agreement was not conclusive between the parties, its weight as evidence was for the board. It, with all the evidence submitted, should have been considered by them. We cannot agree with the court below that there might have been other evidence from which the referee could have found the necessary facts independent of the agreement. This was for the board, who thus far proceeded upon an erroneous conception of the legal effect of the compensation agreement. Further, when the referee made his finding as to the cause of the accident two causes were attributed, one of which might have been in the course of employment and the other might not have been. He is required to state his findings of fact and it should show that compensation was allowed for a claim contemplated by the act, or, in other words, the accident occurred in the course of employment and that death resulted from it. We express no opinion as to whether any particular cause, or injuries under both causes, as stated by the referee, would be under the act. This must be determined by the referee and the board, and if compensation is allowed for a claim not within the act, a legal question would then be presented for the consideration of the courts.

The judgment of the court below is reversed and the case is remanded to the court below whence this appeal comes with direction to refer it to the Workingmen's Compensation Board for further hearing and determination.