## Kelly *v.* Watson Coal Co. et al.

*Workmen's compensation—Death—Tuberculosis—Injury as contributing cause—Opinion of medical experts—Evidence — Hypothetical question.*

1. An award for the death of an employee from tuberculosis, seven months after his injury, will be sustained where medical experts testify that the shock of the accident and consequent lowered vitality rendered the injured man particularly subject to the quick

development of the disease from which he died, and that such development was, in all probability, due to the assigned cause.

2. In such case there is no merit in a complaint concerning the alleged incompetency of the medical testimony, where the doctors, some of whom attended the deceased, based their conclusions on a reading of the evidence in the case, and each stated the facts they assumed to be true, and which formed the basis of their conclusion, as much as though these facts had been put to them in the form of a hypothetical question.

Argued October 4, 1921.    Appeal, No. 162, Oct. T., 1921, by the insurance carrier, defendant, from judgment of C. P. Indiana Co., June T., 1921, No. 5, affirming decision of Workmen's Compensation Board's award upon a hearing de novo, in case of Carrie S. Kelly v. Watson Coal Co. and Ætna Life Ins. Co.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Appeal from decision of Workmen's Compensation Board on hearing de novo.    Before LANGHAM, P. J.
The opinion of the Supreme Court states the facts.
Decision affirmed.    The insurance carrier appealed.

Errors assigned, among others, were the judgment, quoting it, and the admission of the testimony of experts, referred to in the opinion of the Supreme Court.

John M. Reed, with him James W. Mack, for appellant.—The Workmen's Compensation Board erred in admitting opinion testimony of physicians based on a reading of the entire testimony: Yardley v. Cuthbertson, 108 Pa. 395; McDyer v. R. R., 277 Pa. 641; Gillman v. Ry., 224 Pa. 267.
The evidence was insufficient to justify a finding that death resulted from the injury: Moss v. Transit Co., 42 Pa. Superior Ct. 466; Fink v. Axle & Spring Co., 270 Pa. 476.

S. J. Telford, for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1922:

At the inception of this suit, Carrie S. Kelly made a compensation claim against defendant coal company for the death of her husband, H. E. Kelly; this was allowed by the board and the decision was affirmed by the court below; the insurance carrier has appealed, contending that the evidence was insufficient to connect Kelly's death with the accident here in question and that the testimony of certain of the medical experts should not have been considered.

It appears from the evidence that Kelly, a carpenter in defendant's service, was injured March 19, 1918; he had been employed by the coal company for three years prior to the accident, was "a steady worker," and had lost no time on account of sickness, although there is some testimony that he was not what would be termed a robust man. Deceased was winding a crab, turning over a car to make some repairs on its bottom, when the crank flew out of his hands, striking him on the head and at a point on the left side of his abdomen near the waistline, knocking him down. The head was quite badly cut, but the injury to the body was not at first considered serious, although claimant testified there was a bruise "between the hip and waistline," and the patient told his doctor of an uneasy feeling on the left side of the abodmen; five days after the injury, he complained of soreness in the region of the left testicle, which, upon examination, was seen to be swollen, inflamed and tender; subsequently, about a month after the accident, an operation was performed to remove the testicle, and it was found to be infected with tubercular baccilli; following this, deceased had trouble with his hip, and a general consumptive condition developed. On November 6, 1918, he died, at the age of forty-six, of tubercular peritonitis.

On the facts above stated,—and as to them there is no conflict,—it was found that the "injuries sustained by the decedent" were due to "violence to the physical struc-

ture of his body," which "so lowered his vital resistance that a tubercular condition......quickly developed, hastening and causing his death."

There is ample medical testimony on the record to sustain the findings just recited, it being the opinion of several competent doctors, at least one of whom was an eminent expert, that the accident under investigation was a "contributory cause of the development of the tuberculosis......which resulted in his [Kelly's] death." The doctors said there was "a direct connection between the trauma, injury, and the tubercular condition," upon the theory that the shock of the accident and consequent lowered vitality rendered the injured man particularly subject to the quick development of the disease from which he died, and that such development was, in all probability, due to the assigned cause. Under our cases, this was sufficient to warrant and sustain the award: Dumbluskey v. Coal & I. Co., 270 Pa. 22; Tracey v. Coal & I. Co., 270 Pa. 65; Zukowsky v. Coal & I. Co., 270 Pa. 118; Miller v. Director Genl. of Railroads, 270 Pa. 330; compare Fink v. Sheldon Axle Co., 270 Pa. 476.

While certain of the medical experts testified that they based their conclusions on a reading of the evidence in the case, yet each of them clearly stated the facts they assumed to be true, and which formed the basis of their conclusions, just as much as though these facts had been put to them in the form of a hypothetical question; and some of those who gave expert testimony were doctors who either actually attended or operated on the deceased. Under these circumstances, there is no merit in appellant's complaint concerning the alleged incompetency of the testimony in question.

The assignments of error are overruled and the judgment is affirmed.