## Guthrie v. Thompson-Starrett Co., Appellant.

*Workmen's compensation—Infected wound—Heart disease—Evidence—Medical testimony—Findings of referee.*

An award of a referee in favor of a claim for death of a workman, sustained by the Workmen's Compensation Board and the court, will be affirmed where the medical testimony shows that the deceased died from endocarditis, a form of heart disease, that the

disease was the result of a scratch on the arm from a rusty nail, suffered in the course of his employment, and that, before the accident, he had been a strong, healthy man without any symptoms of embarrassed heart action.

Argued September 25, 1922.  Appeal, No. 126, Oct. T., 1922, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1921, No. 205, sustaining decision of Workmen's Compensation Board, in case of Anna Guthrie v. Thompson-Starrett Company.  Before FRAZER, WALL-ING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Appeal from decision of Workmen's Compensation Board, which sustained an award of a referee.  Before KING, P. J.

The opinion of the Supreme Court states the facts.
Decision affirmed.  Defendant appealed.

*Error assigned* was judgment, quoting it.

*Frank P. Martin,* for appellant.

*C. E. Harrington,* for appellee, was not heard.

PER CURIAM, October 20, 1922:

On July 31, 1918, claimant's husband, a carpenter employed by defendant company, received an injury on his right forearm through contact with a rusty nail. The injury became serious and later resulted in embarrassed heart action, known as endocarditis, which finally caused his death.  Plaintiff filed a claim petition with the Workmen's Compensation Board and received an award in her favor, the referee finding, inter alia, as follows: "Fourth. We find as a fact that claimant's deceased husband, W. L. Guthrie, suffered an injury to his right forearm, July 31, 1918, while in the course of his employment for defendant, by scratching it on a rusty nail, and as a result of this injury an infection followed which affected his heart and caused endocar-

ditis; that this condition was progressive and his death, on February 7, 1921, was due to endocarditis, caused by the infected wound in his right forearm." Following that finding the referee awarded compensation to plaintiff. On appeal the compensation board sustained the action of the referee. Later an appeal to the Court of Common Pleas of Armstrong County was dismissed and this appeal followed.

The question before us is the sufficiency of the evidence to sustain the finding above quoted. An examination of the testimony, and especially that of the doctors, shows that deceased, previous to the blood infection, was a strong, healthy man, working regularly at his trade and at no time before the accident had experienced symptoms of embarrassed heart action. The physicians who examined or treated him, testified that the endocarditis from which he suffered was the result of the injury referred to. Without referring to the medical testimony in detail, we find it ample to sustain the finding. The case is similar to, and ruled by, Kelly v. Watson Coal Co., 272 Pa. 39, and Tracey v. Phila. & Reading Coal & Iron Co., 270 Pa. 65.

The judgment is affirmed.