## Richkowsky v. Lehigh Valley Coal Co., Appellant.

*Workmen's compensation—Evidence—Opinion of expert as to illness caused by accident.*

1. An award of the workmen's compensation board in favor of a workman will be affirmed, where the claimant testifies that his ailment followed and was caused by the accident, and this is affirmed

by the positive opinion of the doctor who attended him; this is the case although other doctors would not say with the same assurance that the claimant's ill health was due to the accident.

Argued February 12, 1923.   Appeal, No. 160, Jan. T., 1923, by defendant, from judgment of C. P. Schuylkill Co., July T., 1922, No. 126, affirming decision of Workmen's Compensation Board allowing award, in case of William Richkowsky v. Lehigh Valley Coal Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and SCHAFFER, JJ.   Affirmed.

Appeal from decision of Workmen's Compensation Board affirming award of referee.   Before BECHTEL, P. J.
The opinion of the Supreme Court states the facts.
Decision affirmed.   Defendant appealed.

*Error assigned* was judgment, quoting record.

*Daniel W. Kaercher,* for appellant.

*Roger J. Dever,* for appellee.

PER CURIAM, March 12, 1923:

This is an appeal by the employer from a judgment affirming an award of the Workmen's Compensation Board to William Richkowsky, plaintiff, who was injured in the course of his employment with the Lehigh Valley Coal Company, defendant.

Plaintiff, whose back was hurt when lifting a heavy piece of timber on August 19, 1920, testified that he at once notified his foreman, and quit work; that he was continuously ill, at his home, from the time of the injury till October 4, 1920, when he went to the hospital for treatment.   Dr. J. C. Biddle, who performed an operation on Richkowsky, testified as follows: "Q. This man's idleness from the time of the injury to now is due to the original injury?   A. Yes.   Q. All the trouble that

occurred to this man after the injury, was due, in your opinion, to the injury? A. Yes."

In view of the testimony just quoted, with other evidence of a like character from the same witness, and plaintiff's own assertion that his ailment followed, and was caused by, the accident, we cannot agree with appellant's contention that the record fails to show "sufficient, competent and relevant testimony" to sustain the award; on the contrary, we agree with the court below that the evidence to which we direct attention requires an affirmance of the referee's finding in favor of plaintiff, albeit other doctors in the case either would not say, or were unwilling to testify with the same assurance as Dr. Biddle, that the injured man's subsequent condition of ill health was due to the accident.

The award of the compensation board and the judgment of the court below are affirmed.