## Telario v. Jefferson & Indiana Coal Co., Appellant.

Argued April 12, 1932.

306

Before
TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM,
BALDRIGE, STADTFELD and PARKER, JJ.

*Henry I. Wilson*, for appellant.

*Edward Friedman*, and with him *Charles J. Magiotti*,
*W. M. Gillespie* and *S. C. Pugliese*, for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

This is a workmen's compensation case. On May
8, 1928 Telario, the plaintiff, while working at a ma-
chine coal-loader in defendant's mine was caught by
a fall of rock, and suffered severe injuries to one of
his legs. He received compensation until January 10,
1930, and gave a final receipt dated July 10, 1930. On
August 25, 1930 he filed a petition for a review claim-
ing that he was partially disabled. After several hear-
ings the referee awarded compensation at the rate of
65% of $6.16 per week or $4.00, and claimant appeal-
ing the board approved the finding, and on appeal by
the claimant the court of common pleas reversed the
finding fixing the amount of compensation at 65% of
$13.49 per week ($8.77), and the company appealed.

The court exceeded its authority. Article 4, Section
427 of the Workmen's Compensation Act of June 2,
1915, P. L. 736 as amended June 26, 1919, P. L. 642

Section 6 reads: "If such court [common pleas] shall sustain the appellant's exceptions to a finding or finding of facts and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination." In compensation cases the court is not a fact finding body, its only function is to decide matters of law: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Mauchline v. State Insurance Fund, 279 Pa. 524; Caruso v. Commonwealth, 99 Pa. Superior Ct. 238 and Vorbnoff v. Mesta Machine Co., 286 Pa. 199. The case of Rakie v. Jefferson & Clearfield C. & I. Co., 259 Pa. 534 cited by appellee does not apply, for in that the court had previously remitted the case for further determination and the appeal was from the *final* action of the board.

We do not think that either the referee and board or the court is correct in the conclusions respectively reached. Claimant's wages, before the accident, averaged $39.06 per week. When he returned to his job, he worked as "buddy" with his son. They had a private arrangement between them as to what part of their joint earnings should go to each. The referee states that it is apparent "that some coal mined and loaded by the claimant was loaded in the cars on which the check number of John Telario [the son] was placed." The medical testimony produced by the claimant was that there was a decrease in earning power of 20 to 25%. Average earning of the claimant when working since the accident was $18.30. The son earned $33.70 per week before the accident, and since received $48.30. This increase of $14.60 the referee finds was due to the fact that the claimant worked with his son, and the father should have been paid this difference, or to state it differently he was entitled to the wages that were actually paid to him $18.30 and also what were wrongly paid to his son $14.60 or a total of $32.90, therefore, the decrease of his capacity to

earn amounted to $6.16, of which 65% equals $4.00. This argument is ingenious but there are too many unascertained elements that might affect the calculation. The result is that the able-bodied son is able to earn $33.70, and the claimant suffering from partial disability earns only eighty cents less per week. The referee should have taken into consideration all the testimony of the case, and not confined himself to this rather indefinite method of ascertaining claimant's earning power. It was the duty of the claimant to show how much his capacity to work had been decreased. There certainly should have been available witnesses who could tell what wages were paid for the work which it was shown the claimant was able to do. The opinion of the doctors, called in the case, might also be considered. We believe the portion of the testimony relied upon by the referee was insufficient to support claimant's case. Neither do we think that the court below used the proper method of getting at the result, and as we have already stated, it was not within its province to find the facts. It found that the claimant before the accident earned $39.06 per week, that after the accident he received, according to the books of the company, $18.30, therefore his loss was $20.76 per week. This sum of $18.30 was not, however fixed by the company, but was an arrangement between the son and the claimant, and as long as the work was performed the company was indifferent as to what proportion each would receive, and it was in no manner an ascertainment of the value of his services.

We have not intended to indicate any definite method of arriving at plaintiff's loss of earning power, but we think as stated that the referee and board in adopting the method of proving claimant's earning capacity by the enhancement of the father's wages through the assistance of his son did not definitely show the

amount of the impairment of claimant's ability, and that all other elements of the case should be considered and if necessary further proof as to his ability to earn should appear. Piper v. Adams Express Co. 270 Pa. 54, 62; Bausch v. Fidler, 277 Pa. 573, 579; Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94, 99; Keifer v. Philadelphia & R. C. & I. Co., 102 Pa. Superior Ct. 235, 240.

The judgment is reversed and the record remitted to the lower court with instructions to return it to the Workmen's Compensation Board for further hearing and determination.