Knisely *v.* Knisely (et al., Appellant).

Argued October 28, 1935.

Before KELLER, P. J.,
BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George G. Patterson,* with him *Charles R. Mock,* for appellant.

*J. Colvin Wright,* for appellee.

OPINION BY RHODES, J., December 11, 1935:

This is a workmen's compensation case. The referee made an award in favor of the claimant, which was affirmed by the board. The court of common pleas affirmed the board and entered judgment. From this judgment, an appeal was taken by Penna. Threshermen's and Farmers' Mutual Casualty Insurance Company, insurance carrier.

The appellant presents three questions for our consideration: (1) Was the deceased an employee of the defendant? (2) Did the deceased suffer an accident? (3) Was the accident, if any, in the course of his employment?

The compensation authorities found that Russell Knisely, husband of the claimant, on May 7, 1932, and for some time prior thereto, was employed by the defendant, as a laborer, at an average weekly wage of $15; that on May 7, 1932, and for some time prior

thereto, the business of the defendant was that of quarrying limestone, and burning and selling lime; that she had engaged the deceased, her son, to produce the lime and deliver same to customers; that on May 7, 1932, the deceased had taken a truck load of lime to Portage, Pa., where, while in the act of unloading same, he was struck across the chest and left arm, when he was caught between the dump body and the cab of the truck; that, after taking a rest, the deceased drove the truck home, a distance of twenty or twenty-five miles, accompanied by one Irvin Mahon, who was present at the time of the accident, but was not in a position to see it, and who left deceased about seven o'clock in the evening of May 7, 1932; that, upon arrival of the deceased at his home, he was helped from the truck by neighbors and taken into the house; that on Sunday, May 8, 1932, Dr. Johnston was called and found Russell Knisely, the deceased, suffering with pain, and with a redness over his left arm, and a like condition over the left breast or chest; that he developed a fluid in his chest, and was admitted to Nason Hospital, Roaring Springs, Pa., on June 12, 1932, where one or two pints of fluid were taken from his chest by Dr. Grounds, who diagnosed the condition as pleural effusion; that he later developed a heart and kidney condition known as myocarditis and nephritis, the result of the infection in the chest caused by the injury on May 7, 1932; that he died from such condition on January 2, 1933; that he was totally disabled, as a result of his accidental injury, to the date of his death; that the insurance carrier paid him compensation, based on an average weekly wage of $15, at the rate of $9.75 per week, until the date of his death, a period of 33 1/7 weeks, in the sum of $323.14; that this compensation was paid under an agreement approved by the bureau of workmen's compensation, under date of June 5, 1932; that the deceased left to survive him, and dependent upon him for sup-

port, his widow, the claimant, Mrs. Ethel Knisely, and two children—Charles Curtis Knisely, born September 12, 1922, and Anna Jean Knisely, born September 4, 1924.

The court below held that the claimant produced sufficient testimony to support the award.

We repeat that we are limited on this appeal to such consideration of the record as will enable us to determine whether there is sufficient competent evidence to support the findings of fact made by the referee and the board, and if, upon such findings, the law has been properly applied. It is not within our province to weigh the evidence, as the findings of fact by the compensation authorities, if based upon sufficient competent evidence, are conclusive. Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 110 A. 731; Loeffler v. Western Electric Co., 107 Pa. Superior Ct. 326, 163 A. 322.

The appellant submits twenty-three assignments of error.

Appellant contends that the deceased husband of the claimant was not an employee of the defendant, Mrs. Elizabeth Knisely, but that, on the contrary, he was an independent contractor at the time of the alleged injury. The record shows that there was much conflicting testimony, not only as to the matter of employment, but also as to the alleged accident. However, we are obliged to review the evidence and the inferences therefrom in a light most favorable to the claimant, and, if there is competent evidence to sustain the findings of the compensation authorities, we cannot substitute our judgment for theirs. Gerst et ux. v. Smith-Faris Co. et al., 107 Pa. Superior Ct. 30, 162 A. 490.

The defendant, Mrs. Elizabeth Knisely, who was also the mother of the deceased, testified that she operated a lime quarry, and that, at the time of the accident, the deceased was employed by her at the rate of $3.50 a day; that her only other employee was her other son,

John Knisely; that she took out a compensation policy with the Penna. Threshermen's and Farmers' Mutual Casualty Insurance Company, the appellant; that the duties of the deceased were to work at the lime quarry and haul lime; that he hauled lime in his own truck, and that she furnished the gasoline, oil, and repairs; that he was paid additional compensation for hauling, of from two to five cents a bushel, the same being for the use of his truck; that the deceased never hauled lime for a whole day; that he was paid for his day's work and for the hauling also; that she owned an undivided interest in the limestone quarry and had a lease from the other interests. As to the employment of the deceased, Mrs. Elizabeth Knisely was corroborated by her other son and employee, John Knisely.

On May 26, 1932, the appellant entered into a compensation agreement with Russell Knisely, which was approved. This agreement set forth that Russell Knisely was an employee of Mrs. Elizabeth Knisely, operator of a lime quarry, as a truck driver, and sustained an injury while in her employment; that he received a wage of $15 per week; that, while dumping a truck, he was caught under the body and sustained bruises and contusions of his left side, on May 7, 1932; that he thereby became disabled; and that he should receive compensation at the rate of $9.75 per week, beginning May 14, 1932, for an indefinite period. He received compensation to the date of his death.

While the matter contained in a compensation agreement is not res adjudicata (Hennessey v. United Stove Repair Co., 68 Pa. Superior Ct. 553), where an agreement is entered into, and payments are made thereunder over a period of time, and a defendant, as here, after the death of the injured employee, denies the facts set forth therein and upon which the agreement was based, namely, the employment and the happening of an accident in the course of the employment, the defend-

ant thereby has the burden of proving by a preponderance of the evidence that such facts were not so. In the case of Swiderski v. Rainey, 114 Pa. Superior Ct. 221, 224, 173 A. 458, 459, this court stated: "The board held that the agreement reciting the injury to the testicle and the payment of compensation until the employe's death was not conclusive evidence of the injury, as found by the referee. It expressed the opinion, however, that the evidence did raise a presumption of law that the injury had been sustained, which ought to have been reasonably overcome by the defendant, and, as the record disclosed that the defendant originally conceded the injury by allowing the award to stand, without prosecuting an appeal or thereafter contesting the fact, when it had an opportunity, by asking the decedent to explain further details of the accident, or the nature of the injury he sustained, the defendant failed to carry the burden it was required to assume. We find no reason to interfere with this conclusion."

We are of the opinion that the evidence is sufficient to show that on May 7, 1932, the date of the alleged accident, the deceased, Russell Knisely, was an employee of the defendant, Mrs. Elizabeth Knisely, and that the work he was performing was in the course of his employment. The appellant has not met the burden of proving the contrary.

Neither the compensation authorities nor the courts should be solicitous to put claimants in the category of independent contractors when a reasonable view of the evidence warrants a finding that the injured person was an employee. Gailey v. State Workmen's Insurance Fund et al., 286 Pa. 311, 314, 133 A. 498, 499. Mrs. Knisely, the defendant, testified that the deceased was in her employ, and that his duties were not only to help manufacture the lime, but also to deliver it. He was paid by the day, and the additional compensation which he received was merely for the use of his truck. It is

apparent that he could and did deliver lime during the regular working hours. It appears to us that his daily compensation included the delivery of lime as well as assistance in the manufacture thereof. The obtaining of compensation insurance to cover the deceased and his brother was also some evidence to be considered by the compensation authorities in arriving at the conclusion that the deceased was an employee.

We are also of the opinion that the evidence shows that there was an accident suffered by the deceased, within the meaning of the Workmen's Compensation Act of 1915, as amended (77 PS §1 et seq.), and that the evidence was sufficient to sustain this finding. Irvin Mahon, who accompanied Russell Knisely upon the trip involving delivery of lime to Sybert, at Portage, on May 7, 1932, testified that Russell Knisely sustained an injury while unloading the lime, but that he did not see the actual happening of the accident, because he was on the other side of the truck. Knisely told him at the time, however, that he was injured on his left arm and his left chest, and that it was necessary for him to go over and sit down and rest. He further testified that the hoist slipped back, which was the reason for the corner of the truck catching Knisely. A witness, Graven Sybert, who was called by the defendant, testified that he observed the truck slipping at the time the lime was delivered, on the afternoon of May 7, 1932, but that he did not see any accident. When Knisely returned home that evening, as he was sitting in the truck, he told two neighbors that he was hurt. They took him out of the truck and put him on the couch in the kitchen.

On the following morning, which was Sunday, Dr. Johnston called upon Knisely, who told him that he had been caught in the truck and injured his left side and arm. The doctor examined Knisely and found slight redness over his left arm and some over the region of his left breast or chest. He testified that for a time

Knisely improved, but then gradually grew worse and was taken to the hospital; that he developed a fluid in his chest, which was removed by Dr. Grounds, at Roaring Springs Hospital; that, after he returned home from the hospital, he developed a heart and kidney condition, and eventually died, on January 2, 1933, at the Nason Hospital; that he was totally disabled from the time of his injury of May 7, 1932; and that his death was the result of the injury which he received. Dr. Johnston testified that, in his professional opinion, Russell Knisely died as a result of the alleged injury, and that his conclusion was based upon the history of the case, upon his examination made the next morning, and the subsequent developments.

Dr. Zinsmeister, another physician, testified that he treated Russell Knisely on October 12, 1932. Knisely gave the doctor a history of his case, stating that he was injured on May 7, 1932, while unloading lime, and that he had been caught between the cab and the body of the truck, injuring his left side and left chest. At the time of his examination, Dr. Zinsmeister stated that Knisely had a bad heart condition, that he was dropsical, that he was confined to bed, and that, if he had received an injury on May 7, 1932, in the manner in which he stated, the condition from which he was suffering was the logical result of that injury.

Dr. Grounds, of the Roaring Springs Hospital, who was called by the defendant, testified that he operated on the deceased for the removal of fluid in the pleural cavity, in June, 1932; that there was no evidence of any injury at the time he saw him on June 12, 1932; that the deceased's condition might have resulted from injury, or it might have come from natural causes; that it could have been a traumatic condition, if the trauma had been heavy enough; and that the deceased died of cardio-renal condition, myocarditis and Bright's disease. Dr. Grounds further testified that Russell Knisely would

be suffering considerable discomfort four or five hours after he had had a blow sufficient to produce the trouble which later developed.

Appellant stresses the failure of the defendant to produce her books. The compensation authorities were within their province in finding for the claimant, regardless of the absence of the books of the defendant, on the evidence submitted. The failure of the defendant to produce the books of her business operation does not overcome the burden which devolved upon the appellant, nor preclude recovery by the claimant, who was not responsible for their absence.

The proofs are sufficient, if believed, to show that the deceased suffered an accident in the course of his employment, and that his death was the natural and probable result of the injury which he accidentally sustained. The testimony of the two doctors, who based their conclusions partly upon the history of the case, was competent, since they stated the facts which they assumed to be true and which formed the basis of their conclusion. Kelly v. Watson Coal Co. et al., 272 Pa. 39, 42, 115 A. 885, 886; Jones v. United Iron & Metal Company, 99 Pa. Superior Ct. 394, 400.

The reconciliation of the testimony is for the referee and the board. The referee and the board believed the testimony of the claimant and her witnesses. This court is bound by their findings. Gerst et ux. v. Smith-Faris Co. et al., supra; Barton v. Pittsburgh Coal Co., 113 Pa. Superior Ct. 454, 462, 173 A. 678, 681.

We are of the opinion, after an examination of the testimony, that there was sufficient legally competent evidence to warrant the findings of fact by the referee and the board, and that the court below did not err in entering judgment on the award in favor of the claimant.

Assignments of error are overruled, and the judgment is affirmed.