## Breslin *v.* Richfield Oil Corporation et al., Appellants.

44

Argued October 22, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank R. Ambler,* for appellants.

*C. Brewster Rhoads,* of *Montgomery & McCracken,* with him *Vincent Moranz,* for appellee.

OPINION BY KELLER, P. J., November 13, 1936:

This is a workmen's compensation case. The claimant's husband, as the result of an accident in the course of his employment with the defendant, was badly burned about the face, brows, right ear, right arm, leg, foot, hands and buttocks. He was taken to a hospital where he remained forty days. He was then taken to his home where he received constant treatment for twenty-six days. Toward the close of this period he complained of earache in the right ear, following which on the advice of his physician he was sent to another hospital, where he died five days later of cerebral abscess and meningitis following an *acute* attack of otitis media [1] of the right ear and mastoiditis. There is no dispute as to the occurrence of the accident in the course of his employment, nor of his severe burns as the result of it. The question raised was whether there was a causal connection between the injuries which he received on June 1, 1934 and his death on August 10, 1934.

Four physicians called by the claimant—two of them family physicians, one a specialist in diseases of the ear, and the fourth, the physician who performed the autopsy—testified to a direct connection between the effects of the burns and the death. Four physicians called by defendant gave it as their opinion that the cause of death was not connected with the burns. They based their opinion, however, largely, on the assump-

---

[1] Inflammation of the middle ear.

tion that the injured employee had a running or discharging ear for four or five years, indicating chronic otitis media. The appellants, in their statement of questions involved, have likewise assumed this as a proved fact in the case; but it is not. The referee's finding to this effect was set aside by the board, which made no finding on the subject. It is, therefore, not a proved fact; in our opinion the preponderance of the evidence is to the contrary. Nor may the appellants assume, as their counsel apparently does, that X-ray photographs—especially of the soft parts of the body—, and their reading by a roentgenologist, with respect to cloudy surfaces on the plate are in any way *conclusive* evidence, or that they compare in probative force or value with the actual conditions revealed by a post-mortem.

There was thus raised by this conflicting testimony an issue of fact which it was the province of the ultimate fact-finding body, the board—not the court below nor this court—to decide. Its finding of a causal connection between the accidental burns on June 1 and the employee's death on August 10 is in accord with the decisions of the Supreme Court in *Balch v. Budd Mfg. Co.*, 277 Pa. 548, 122 A. 1; *Dopkin v. Phila. & Reading C. & I. Co.*, 296 Pa. 71, 145 A. 707; *Kelly v. Watson Coal Co.*, 272 Pa. 39, 41, 42, 115 A. 885; and *Farran v. Curtis Pub. Co.*, 276 Pa. 553, 120 A. 544. There was ample evidence in the record to support the board's findings.

Nor does it make any difference, so far as the claimant's right to compensation is concerned, whether the infected ulcer on the right foot, from which pus exuded, —which was accompanied by inflammation and cellulitis of the leg—the toxin from which, the board found, had poisoned the employee's system, developing an acute condition of otitis media and causing mastoiditis and decedent's death from an abscess of the brain, was

the direct result of the burns received or came from a bed sore resulting from confinement to bed as a result of the burns. If the latter, it is referable back to the burns as the causative factor. Except for the burns there would have been no bed sore.

Had this case been an action of trespass for personal injuries resulting from negligence it could not have been withdrawn from the jury for lack of causal connection between the burns and the death; nor can it be taken from the board in this proceeding.

Judgment affirmed.