Puzio *v.* Susquehanna Collieries Co., Appellant.

Argued March 1, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Henry A. Gordon,* with him *T. G. Wadzinski,* for appellant.

490

*Roger J. Dever,* for appellee.

OPINION BY RHODES, J., April 15, 1937:

On December 24, 1932, claimant was injured while in the course of his employment. He was squeezed by a derailed car, resulting in internal chest injury, shock, two fractured ribs on the left side, concussion of the left lung, which was followed by traumatic pneumonia, and laceration of the chest wall.

On December 31, 1932, claimant and defendant entered into a compensation agreement, which was approved, providing for compensation for total disability.

On June 22, 1934, defendant filed a petition to terminate the agreement, alleging therein that claimant was recovered on May 31, 1934, from the effects of his injury of December 24, 1932, and was able to return to work on June 1, 1934.

Claimant filed his answer denying recovery and averring continued total disability.

After hearing, the referee found that the claimant did not recover from the injuries sustained in the accident of December 24, 1932; that he was never in physical condition to work thereafter; and that he was still totally disabled on May 31, 1934, as a result of the injuries which he had sustained. The referee thereupon dismissed defendant's petition to terminate the agreement. On appeal by defendant to the board, the findings and conclusions of the referee were sustained. Defendant appealed to the court of common pleas which affirmed the board. Defendant has appealed to this court.

The sole question on this appeal is whether there is legally competent testimony to support the findings of the compensation authorities. "It is not within our province to weigh the evidence, as the findings of fact by the compensation authorities, if based upon sufficient competent evidence, are conclusive. *Kuca v. Lehigh Valley Coal Co.,* 268 Pa. 163, 110 A. 731; *Loeffler*

*v. Western Electric Co.,* 107 Pa. Superior Ct. 326, 163 A. 322": *Knisely v. Knisely et al.,* 120 Pa. Superior Ct. 140, at page 143, 182 A. 51, at page 53.

Appellant called four medical witnesses. One testified that claimant was still totally disabled, but that the cause of such total disability was advanced anthracosis, high blood pressure, and arteriosclerosis; another testified that claimant had fully recovered from the effects of his injuries and was able to go back to work in so far as the effects of those injuries were concerned; the third testified that claimant had, in his opinion, fully recovered from the injuries by June 1, 1934, and was able to do some very light work, and that the disabling condition from which claimant suffered was not traceable to his injuries; the fourth expert testified that claimant's reduced ability to work was the result of the arteriosclerotic condition plus the condition of his lungs, and that the accidental injury received on December 24, 1932, did not aggravate or accelerate this condition. This witness also testified that a normal lung may have adhesions following pneumonia, and that in a person having anthracosis there might be a tendency for pneumonia to produce adhesions more readily than in a normal lung following pneumonia.

Several witnesses testified for claimant, including one medical expert. The testimony showed that claimant was apparently a strong, vigorous man, and a steady worker before the accident, and that at the time of the hearing he was confined to his bed. Claimant's medical expert testified that he had examined claimant, and in answer to a hypothetical question said that claimant's present inability to work was due to the injuries he sustained as a result of the accident on December 24, 1932. The testimony of the witness was competent. See *McMinis v. Philadelphia Rapid Transit Co.,* 288 Pa. 377, 135 A. 722.

The opinions of the medical experts were conflicting.

It is the function of the compensation authorities to determine which shall be adopted and in whom credence shall be placed. The credibility and weight of testimony of one who qualifies as an expert is not reviewable as a matter of law. See *Barton v. Pittsburgh Coal Co.*, 113 Pa. Superior Ct. 454, 173 A. 678. The duty of this court is to determine whether the record contains any competent evidence upon which the fact-finding body can base its findings, and whether the law has been properly applied to them. All the medical testimony was competent and afforded a basis for a finding of fact either way. "Testimony of physicians in cases of this character, to be competent and ample to sustain a finding of fact, need not be so definite as to be without doubt; the opinion expressed must, however, be sufficiently exact to satisfy the mind of the referee or board that the accident in controversy contributed to claimant's condition": *Farran v. Curtis Publishing Co. et al.*, 276 Pa. 553, at page 556, 120 A. 544, at page 545. Claimant's medical expert, after an examination of claimant, was of the opinion that his present inability to work was the result of the accident which he sustained on December 24, 1932. This testimony, together with the testimony referring to claimant's physical condition both before and after the accident, was sufficient to warrant the findings of the referee and board. See *Richkowsky v. Lehigh Valley Coal Co.*, 276 Pa. 577, 120 A. 551.

Judgment of the court below is affirmed.