Opinion bx
 

 Stadtfeld, J.,
 

 This is an appeal by the General Water Company, defendant, and The Fidelity and Casualty Company of New York, insurance carrier, from a judgment of the court of common pleas, entered upon an award of compensation made by the board in favor of the claimant.
 

 George Reckner, claimant, was employed as a stationary engineer by defendant company at the average monthly wage of $150. On March 29, 1933, claimant suffered an injury consisting of bruises and lacerations of the right leg with consequent “inflammation of the tibia” according to the medical testimony which the referee, at the hearing on a petition for' termination found to be a disability that “will continue on indefinitely.” On April 25, 1933, an open agreement for compensation at the rate of $15 per week was entered into, payments to begin as of April 5, 1933. Until August 7, 1933, when claimant returned to work, he was still paid $150 per month, but returned his compensation checks received from the insurance company to the defendant company. On August 7, 1933, claimant returned to work at his regular salary of $150 per month. On September 14, 1933, claimant ceased work, but returned again on October 4, 1933, and apparently
 
 *540
 
 still received Ms same salary. From that time on, he was paid his $150 per month.
 

 On February 7, 1935, a petition to terminate the agreement as of October 4, 1933, was filed and a hearing held on August 2,1935, at which date claimant was still employed by defendant company and paid $150 per month.
 

 The court below entered a judgment against defendant company and the insurance carrier “in the sum of $1573.18, being at the rate of $5.63 per week, from April 5, 1933, for a period of three hundred weeks, less the two periods for which he has heretofore been paid for total disability, to-wit: from April 5, 1933, to August 7, 1933, or 17-5/7 weeks, and from September 14 to October 4, 1933, or 2-6/7 weeks, leaving a balance of 279-3/7 weeks, which at the rate of $5.63 per week, amounts to $1573.18; subject, however, to a credit for the aggregate principal sums of money of any instalments already paid.”
 

 The appellants contend (1) that there was not sufficient evidence to sustain the finding of a loss in earning power on the part of the claimant made by the referee and the workmen’s compensation board, and (2) that the rendition of a judgment for the payment of compensation for the maximum total period of three hundred weeks for permanent partial disability was improper.
 

 As to the sufficiency of the evidence to sustain the finding of a loss in earning power on the part of the claimant, the principles laid down in
 
 Cavanaugh v. Luckenbach Steamship Co.,
 
 125 Pa. Superior Ct. 275, 189 A. 789 and in
 
 Plum v. Hotel Washington et al.,
 
 125 Pa. Superior Ct. 280, 189 A. 792, are entirely controlling. As it was said both in the Cavanaugh case and the Plum case, in determining the compensation for partial disability to which an employee is entitled under Sec. 306 (b) of the Workmen’s Compensation Act,
 
 *541
 
 the amount of earnings actually received after an accident is evidence, but not conclusive evidence, helpful in determining what the earning power of the employee is at such time. Other competent evidence having a bearing, cannot be ignored.
 

 It has been held by this court in
 
 Plum, Appellant, v. Washington Hotel et al.,
 
 supra, in the opinion by Judge Parker, that the fact that an employee who returned to work for the same employer two months after an accident received the same or higher wages than before, does not, regardless of other facts in the case, deprive the employee of the right to receive compensation for partial disability.
 

 In a separate concurring opinion of this latter case, Judge Cunningham with whom Judge Baldrige joined, said at p. 286; “......I am of opinion the compensation authorities should determine, under the facts in each case, whether the claimant is actually earning the wages he is receiving. If so, then, although he may still have a physical impairment, he is not entitled to compensation for the period during which he earns such wages. On the other hand, if he does not actually earn such wages, and could not earn them on the open market, but is receiving them merely because his employer sees fit to pay them, he is entitled to compensation in addition to his ’wages.” See also
 
 Harmon v. Knoll,
 
 129 Pa. Superior Ct. 390, 195 A. 448;
 
 Conley v. Allegheny Co.,
 
 131 Pa. Superior Ct. 236, 200 A. 287;
 
 Henry v. Pgh. Rwys. Co.,
 
 131 Pa. Superior Ct. 252, 200 A. 294.
 

 There is no dispute of the fact that claimant has been paid his regular salary of $150 per month, since he returned to work in August, 1933. C. E. Maride, superintendent for the defendant company, testified, however, that when breakdowns in the machinery occur, claimant isn’t as efficient as he was prior to the accident, nor is he “worth the same”; that he is unable to take
 
 *542
 
 care of the repairs without the assistance of other mechanics furnished by defendant company; and that no other man similarly disabled would be employed by him in the same capacity at $150 per month. Claimant himself testified that he was forced to stay away from work on account of his leg for a number of days during 1933, 1934 and 1935; that he wasn’t as efficient after the accident as before, nor did he feel that he was earning the salary paid him considering the amount of work he did before the accident; and that he was still suffering from pains in the leg. The attending physician, Dr. A. M. Duff, Sr., testified that claimant’s disability prevented him from doing hard manual labor for long periods of time. From this evidence, the referee and the board might properly find that the wages received by claimant following the accident did not conclusively establish his earning power, and upon sufficient evidence did find as a fact that claimant suffered a loss of 25 per cent in earning power. In other words, claimant was not actually earning the wages he received.
 

 The referee and the board further found as a fact that claimant’s partial disability “will continue on indefinitely.” The accident happened on March, 1933. At the hearing of this case before the referee on August, 1935, the doctor testified that claimant, no doubt, still continued to suffer a disability and that he could not say that he expected an ultimate recovery on the part of the claimant. In view of this evidence, the finding of the referee and the board was tantamount to the finding of permanent partial disability.
 

 It is not within the scope of this court’s duty to pass on the facts in the case, but rather to ascertain whether the findings of fact as made by the referee and sustained by the board are based on legally competent evidence:
 
 Harmon v. Knoll,
 
 supra, 392.
 

 Accordingly, we are of the opinion that there was sufficient evidence to support a finding of loss of earn
 
 *543
 
 ing power and that the court below properly rendered a judgment based on compensation payable for permanent partial disability.
 

 The assignments of error are overruled and judgment is affirmed.