Consona *v.* R. E. Coulborn & Company et al.

Argued October 8, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Harry Reiss Axelroth* of *Axelroth & Porteous,* for appellant.

*Henry A. Frye,* and with him *Fletcher W. Stites,* for appellee.

OPINION BY BALDRIGE, J., January 28, 1932:

The claimant, a structural steel worker, was injured in the course of his employment, July 7, 1924, when a block became unhooked and struck him on the head. The injuries consisted of a fractured skull, nose and jaw, lacerations of the face, and a badly bruised shoulder. He entered into a compensation agreement with his employer, as of July 25, 1924, under which he received compensation for partial disability of $12 a week for three hundred weeks, and executed a final receipt, as of April 16, 1930. On July 15, 1930, he filed his petition for reinstatement, alleging that the money paid prior thereto was a ''commuted payment for the first three hundred weeks with the privilege of reopening the case at the end of that time to have the question of permanent disability determined. I am not yet in a condition to work.'' The referee refused the prayer and thereupon an appeal was taken to the Workmen's Compensation Board and the referee's findings of law and of fact were set aside. Commissioner Morrison held that for all practical purposes claimant is totally disabled. The learned court below sustained these findings, and this appeal followed.

It is our duty not to balance the evidence, but to determine if there was sufficient competent evidence

to sustain the finding of the board, and if so, we are bound thereby: Slemba v. Hamilton & Sons, 290 Pa. 267. Dr. Brooke, who had seen the claimant in November, 1925, and again examined him on September 17, 1930, found "that he had some limitation of the movement of his head and neck, the torsion. He also had some limitation of motion in his right arm, in abduction of his right arm; he was not able to raise it." The claimant tried to do light work in a mushroom house but he had to abandon his efforts on account of dizziness. Dr. Neubauer, whom he consulted at the request of the insurance carrier, advised him to get out in the country and be very quiet. The evidence indicates that the claimant can, at irregular intervals, do some light work, but of a very limited character. His incapacity is such that it would not be practicable to expect that he could hold a job. If he were able, uninterruptedly, to do light work, it might be presumed that work of that nature would be available. Under the testimony of Dr. Brooke, the claimant continues to experience pain, and his injuries, after six or seven years, have "not cleared up during that time." This man is unable to work inside and his physical limitations render him incapable of steadily working on the outside. It is a matter of common knowledge that there is a general disinclination on the part of employers to give work to cripples. If suitable work was available to this man with his limitations, it was incumbent upon the appellant to show that fact. There was no attempt to assume this burden. It is said in 33 A. L. R., p. 122: "If the workman is proved able to do light work in general, it may be presumed that such work is available; but if the injury has left the workman a 'nondescript' in the labor market, unfitted to do even light work of a general character, but fitted to do 'odd' jobs not generally obtainable, it may be presumed that there is no work available for him, even though he attempted

to find such. It may be said then, as to the latter situation, that the courts have proceeded upon some such theory as this,—if the workman is left a nondescript, prima facie he is unable to obtain suitable employment, and so long as this presumption remains not overturned the workman is entitled to compensation as for total incapacity."

We are of the opinion that there was sufficient evidence to support the board's conclusion.

Judgment affirmed.