Byerly, Appellant, *v.* Pawnee C. Co. et al.

Argued April 12, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*W. N. Conrad,* for appellant.

*Raymond E. Brown,* for appellee.

Opinion by Baldrige, J., July 14, 1932:

The claimant, a miner, was severely injured by a fall of rock on September 11, 1924, when his average wage amounted to $30 per week. A compensation agreement was executed and payments were made at the rate of $12 per week from September 22, 1924, to June 23, 1930, a period of 300 weeks. On November 21, 1929, a supplemental agreement was executed, wherein it was set forth that the claimant was working at a wage of $10.50 per week, sustaining a loss in earnings of $19.50, and compensation was adjusted accordingly. At the expiration of 300 weeks, the insurance carrier petitioned for termination on the ground that the claimant had evidenced by the supplemental agreement that he is, and has been for some time, partially disabled, and, therefore, payment of compensation may not extend beyond that period, as provided by section 306 (b), art. III, of the Act of June 2, 1915, P. L. 736; June 26, 1919, P. L. 642, sec. 1; April 13, 1927, P. L. 186, sec. 1 (77 PS 512).

The referee and board found as a fact that the claimant is not totally, but only partially, disabled, and terminated the agreements. An appeal followed to the court of common pleas, which overruled the exceptions and dismissed the appeal.

Was there sufficient evidence to justify the compensation authorities in finding as a fact that the claimant was permanently partially disabled? The appellant takes the position that there is a permanent total disability existing because he cannot resume his usual employment as a coal picker. The proper test is not whether the claimant is able to do exactly the same kind of work as he did before the injury, but whether his earning power is entirely destroyed so that he can not obtain remunerative employment. See Schneider's Workmen's Compensation Law, Vol. 2, 2d Ed., sec. 418, and 28 R. C. L. 820, par. 106, and the numerous cases there cited. Mr. Justice Kephart, in Woodward

v. Pittsburgh Eng. & Const. Co., 293 Pa. 338, states that disability contemplated by our law is the loss of earning power as the result of the injury. See also Bausch v. Fidler, 277 Pa. 573. Whether the disability is total or partial is a question of fact and is for the consideration and determination of the compensation authorities: Fornatti v. Tower Hill Connellsville Coke Co., 77 Pa. Superior Ct. 122. This case is readily distinguished from Consona v. Coulborn Co., 104 Pa. Superior Ct. 170, where the compensation authorities found on sufficient evidence that claimant was not able to do continuously even light work. The appellant acknowledged on September 22, 1924, that his status had changed and agreed to accept compensation for partial, instead of total, disability as he had been engaged as a night watchman for four years prior to the hearing, working seven days per week, and receiving $1.50 per night, and that he was perfectly able to perform that work. Confronted with this testimony, it can hardly be said that the claimant is incapable of performing remunerative employment. Drs. Snyder and Dick both testified that he is not permanently and totally disabled, but that he is permanently and partially disabled. With this definite and positive evidence upon the part of doctors, and the conclusive evidence of the claimant himself of his ability to work, it would seem that the referee and the board had no alternative than to decide against the claimant. Certainly, they can not be convicted of error in not holding that there was a permanent total disability in view of the evidence adduced.

Judgment is affirmed.