Yednock v. Hazle Brook Coal Co., Appellant.

Argued March 16, 1933. 

Be-
fore Trexler, P. J., Keller, Cunningham, Baldrige,
Stadtfeld, Parker and James, JJ. 

*P. B. Roads,* for appellant.

*W. M. Parnell,* for appellee.

Opinion by Trexler, P. J., July 14, 1933:

This is an action under the Workmen's Compensation Act. There was a compensation agreement entered into between the laborer and the employer, which the latter sought to terminate on the ground that claimant had recovered sufficiently to do light work as of May 6, 1930. The claimant denied that he had recovered sufficiently to do light work, and on March 6, 1931, the referee found as a fact that claimant was partially disabled, the extent of which was indeterminate, that the defendant company had offered claimant four different jobs, but he had refused to make any effort to do any one of them. The referee ordered the claimant to get a job so that an intelligent decision could be rendered in the case, and dismissed the petition. An appeal was taken by the employer, the Hazle Brook Coal Company, which appeal was dismissed by the compensation board, and although it did not agree with certain of the referee's views in the case, it expressed itself that he had acted correctly in dismissing the petition. It formed this conclusion, as stated in the opinion, from the testimony of Dr. Murphy who was positive that Yednock was not able to go back to anything like the work in which he was formerly engaged and, therefore, the board found that there was not sufficient testimony to justify the termination of the agreement and that, although the defendant company offered the claimant four different jobs, the medical testimony does not prove that claimant was able to fill any of them. On an appeal from the decision of the board to the court of common pleas, this action was confirmed.

The total result of the testimony produced was to the effect that the claimant could do light work. He expressly stated that he could be employed, if he could get a job, at light work, where he would not have to be on his feet. He testified that he could walk two,

three or four miles, but that he had to sit down and take a rest. He said, "I can do light work." In answer to the question, "What kind of a job would you think you could do?" He stated, "A job I would not have to stand on my feet *too* long." The medical testimony was to the effect that he had only been partially disabled. The doctor, called by the claimant, upon whose testimony the decision of the board was predicated, stated that the earning capacity of the claimant was reduced by 30 or 40%. It is apparent that the claimant cannot do the work he did prior to the accident, but that is not the criterion. See Fillip v. William Cramp & Son, 80 Pa. Superior Ct. 68 and Gorman v. American Metal Co., 87 Pa. Superior Ct. 532. He may be able to do something else. A very slight injury might incapacitate a person from performing a highly specialized kind of work, still it would not debar him from seeking another line of employment which he could competently fill. The court lays stress upon the fact that the evidence adduced fails to show any job or line of work which the claimant is fitted to do in his present physical condition. It was not the duty of the employer to show this when the claimant himself said that he was able to do light work. It may be presumed that such work is available, and it would seem reasonable to hold that having stated that he could do light work, it was not the duty of the employer to show that the opportunity to do such work could be obtained. The compensation act is not designed to afford insurance against unemployment, and the fact that work is not procurable does not prove that a man is not capable of performing it. It is the ability by which the question is determined. There is no proof that all avenues of employment are closed to a man that has a crooked leg, and who is unable to stand for any considerable length of time, and there is no testimony in the case that this

man is totally disabled for all kinds of work. The court attempts to clinch the argument by reference to the notes on the case of Ray v. Frenchmen's Bay Packing Co., reported in 33 A. L. R. 112, where on page 122 it is said: "If the workman is proved able to do light work in general, it may be presumed that such work is available; but if the injury has left the workman a 'nondescript' in the labor market, unfitted to do even light work of a general character, but fitted to do 'odd' jobs not generally obtainable, it may be presumed that there is no work available for him, even though he attempted to find such. It may be said then, as to the latter situation, that the courts have proceeded upon some such theory as this,—if the workman is left a nondescript, prima facie he is unable to obtain suitable employment, and so long as this presumption remains not overturned the workman is entitled to compensation as for total incapacity. Taking this view, the cases holding that where the injury has left the workman a nondescript, the burden is upon the employer to show the availability of work suitable to the workman's limited ability in order to defeat compensation or have the same reduced ......" The answer to this is there is nothing in this case which proves that the claimant is a nondescript. We have the unanimous testimony of the doctors that he is only partially disabled. If we wish to apply the nondescript theory, there must be some proof that his injuries prevent him from getting any employment by reason of the fact that his condition disqualifies him. It must appear in order to sustain claimant's position that no source of permanent employment is available to a man who is under the disadvantages that claimant suffers. "Inability of a workman, who is partially incapacitated to pursue suitable employment, due to general unemployment, and not by his conditions arising from

the accident, is not ground for total compensation."
33 A. L. R. 115.

The case is remanded back to the lower court with instructions to remit it to the compensation board that it may, upon the facts which have been produced before it, reduce the amount now payable for total disability to such sum as will compensate for the partial disability, under which the claimant is suffering, unless evidence is produced showing that he, in consequence of his injury, is unable to procure any employment.