Jones *v*. Hazle Brook Coal Company, Appellant.

Argued March 6, 1935.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*P. B. Roads,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY CUNNINGHAM, J., July 18, 1935:

The controversy in this workmen's compensation case
arose out of a petition by the employer for the termina-
tion of an open agreement. The referee, after a hear-
ing, dismissed the petition and made an award of com-
pensation for total disability; the board affirmed the

referee and the court below entered judgment upon the award; hence this appeal by the employer.

While in the course of his employment on May 10, 1930, claimant suffered an accidental injury, thus described in the compensation agreement: "He had finished cutting a large hole in a breast battery and a large lump of coal slid thru striking the prop and step on which he was standing knocking him down chute. Coal and rock covered him, causing fracture of tibia and fibula right leg." Under the agreement he was paid compensation for total disability up to December 15, 1931.

In April, 1932, the employer filed the present petition, alleging that claimant's disability had terminated. Claimant answered he was still totally disabled and would be for an indeterminate period of time. The only testimony produced at the hearing was that of Dr. T. C. Fegley, called on behalf of the employer.

In his findings of fact, the referee, after stating the employee had sustained a compound comminuted fracture of the tibia and fibula of his right leg, continued:

"Claimant has a marked deformity of his right leg just below the knee joint, due to the compound comminuted fracture of both bones of his leg, received in the accident of May 10, 1930; the leg is bent and there is shortening of the leg, and the leg will never be as strong as the other, and the only work that claimant can do would have to be of a very selected nature; claimant cannot go in the mines or about the mines and do any form of light work, unless the work would be particularly picked out for him, and even then he would not be able to continue very long; claimant cannot go into the open labor market, and for all practical intents and purposes claimant is now and has been totally disabled ever since his accident."

The only question of law involved upon this appeal is whether the controlling finding, that claimant's total

disability had continued up to the date of the hearing, is supported by the evidence. As pointed out by the court below in its opinion entering the judgment, the referee's findings, with the exception of his ultimate conclusion of the existence of total disability, are "taken verbatim" from the testimony of the employer's own witness. That testimony made claimant a "nondescript" in the labor market, unfitted to do even light work of a general character. See Consona v. R. E. Coulborn & Co. et al., 104 Pa. Superior Ct. 170, 158 A. 300. Under the evidence adduced by it, the employer had the burden of showing that work which claimant was able to do was available. No effort was made to meet that burden. As stated in the Consona case, if the employee has been shown to be able to do light work in general there is a presumption that such work is available. On the other hand, if he is left a nondescript a contrary presumption prevails until overthrown by evidence. We agree with the court below that this case is ruled by the Consona case rather than by Yednock v. Hazle Brook Coal Co., 109 Pa. Superior Ct. 182, 167 A. 236. In the latter, the employee admitted he was able to do general light work and we remitted the record with directions to the compensation authorities to ascertain the extent of his partial disability, unless he showed that light work was not obtainable. In the case at bar the presumption is with the claimant and appellant has not introduced any evidence rebutting that presumption.

Judgment affirmed.