## Maishock *v.* State Workmen's Insurance Fund, Appellant, et al.

Argued October 25, 1937. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*S. H. Torchia,* with him *Charles Margiotti,* Attorney General, *John T. J. Brennan* and *Albert C. Richter,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY RHODES, J., November 10, 1937:

Claimant in this workmen's compensation case was accidentally injured in the course of his employment with defendant employer on August 30, 1934.

A compensation agreement was entered into between the parties, under which claimant was paid compensation for total disability from September 6, 1934, to July 11, 1935. On July 19, 1935, the State Workmen's Insurance Fund, defendant employer's insurance carrier, filed a petition to modify the agreement, alleging that claimant's disability had changed from total disability to partial disability of 50 per cent. Claimant's answer denied the allegation.

After hearing, the referee dismissed the petition and made an award of compensation for total disability. The board affirmed the referee, and the court below affirmed the board and entered judgment for the claimant on the award. The insurance carrier appealed.

The referee's fifth and sixth findings of fact, to which appellant had excepted, are as follows:

"5. The claimant as a result of his injury now has an almost complete loss of use of the right arm. His disability extends further to his right shoulder and his back. He has no education and has been engaged in manual labor all of his life. It is true that there are certain types of work which he can perform such as flagman, but these jobs are not available at will in the open labor market, and because of that fact the claimant constitutes a nondescript.

"6. We further find that the claimant was totally disabled as of July 12, 1935 and is still totally disabled as a result of the injury he suffered on August 30, 1934."

The question of law involved is whether there is competent testimony to support these findings.

The compensation agreement described claimant's accidental injury in the following manner: "Claimant was nailing sheet iron in chute when coal fell and struck his rt. shoulder, arm and back."

At the hearing before the referee, on the petition to modify, the only evidence offered by appellant was a letter, dated July 2, 1935, from Dr. C. E. Ervin, which was offered in evidence by agreement. Dr. Ervin, in this letter, stated that claimant's disability ought to be placed in the neighborhood of 50 or 60 per cent, and that he was capable of carrying on many types of work.

The compensation agreement was prima facie evidence of a compensable accident, and the burden of proof was on the appellant, which sought to change the status created by the parties themselves. *Carson v. Real Estate-Land Title & Trust Co. et al.,* 109 Pa. Superior Ct. 37, 40, 165 A. 677. The claimant testified as to his lack of education and the extent of his disability. On behalf of claimant, Dr. G. G. Reese testified that claimant was at least 75 per cent disabled, or "totally disabled, unless he got a job carrying a flag or something like that," and that he could not do any work requiring two arms.

The testimony is adequate to establish that claimant was not qualified to pursue any service except manual labor, and that he was unfit to do light work of a general character.

It is obvious that the testimony offered on both sides was meager, but it was for the referee and the board to ascertain the extent of claimant's disability, and the finding, if based on any competent evidence, is binding upon us. *Hale v. Susquehanna Collieries Co.,* 126 Pa. Superior Ct. 342, 191 A. 225.

Appellant contends that the testimony does not support the finding of the compensation authorities that, as a result of the injuries sustained by claimant, he is a nondescript, and therefore entitled to compensation for total disability. Referee and board were fully justified in concluding that such work as claimant could perform was not available at will in the labor market. It was within their province to accept the

testimony of Dr. Reese and the claimant, and reject that of Dr. Ervin. The testimony, in our judgment, supports the conclusion that claimant was a nondescript in the labor market. The burden was on ap- pellant to establish that such work as claimant was capable of performing was available. Appellant pro- duced no such evidence, but rested its case on the letter of Dr. Ervin. See *Consona v. R. E. Coulborn & Co. et al.*, 104 Pa. Superior Ct. 170, 158 A. 300; *Jones v. Hazle Brook Coal Co.*, 119 Pa. Superior Ct. 409, 179 A. 783; *Hale v. Susquehanna Collieries Co.*, supra; *Eckley v. Rae*, 128 Pa. Superior Ct. 577, 194 A. 575.

Judgment is affirmed.