Fegan *v.* Maccabees et al., Appellants.

Argued October 5, 1938. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER and RHODES, JJ.

*A. F. Barbieri,* with him *Wesley, Wagoner, Trout-man & McWilliams,* for appellants.

*C. Donald Swartz,* of *Swartz, Campbell & Henry,* with him *Herbert A. Barton,* for appellee.

OPINION BY PARKER, J., November 22, 1938:

The sole question raised on the appeal in this workmen's compensation case is whether there is sufficient evidence in the record to sustain the findings by referee and board that the claimant is totally disabled. We are all of the opinion that there is and that the judgment should be affirmed.

Claimant was injured on September 9, 1929 while in the course of his employment with The Maccabees as a solicitor and was paid compensation under an award for total disability on account of traumatic epilepsy until February 27, 1936, a period of 335 weeks.

There had been several previous petitions to terminate payment of compensation which were either withdrawn or determined adversely to the defendants when, on February 28, 1936, the present petition to terminate was filed. The referee found against the petitioners and on appeal to the board the record was remanded to the referee for further hearing and determination. The referee again dismissed the petition to terminate, finding as a fact that the claimant was "totally disabled since the date of the accident; and that said total disability will continue for an indefinite period." These findings and conclusions of law were on appeal affirmed by the board and the decision of the board was in turn affirmed by a court of common pleas.

The claimant's present disability is due exclusively to traumatic epilepsy and the appellants concede that

as a result claimant is now partially disabled but compensation has been paid for more than the full period for which compensation for partial disability is payable. Prior to the accident claimant had been employed as a solicitor for The Maccabees and after the accident and up to the time of the last hearing before the referee the claimant was subject to more or less frequent attacks of epilepsy having had convulsions on that day and on the previous Sunday.

The appellants, in support of their petition to terminate, depended upon proofs that claimant had worked for wages on four occasions during 1934 and 1935. The facts with relation to the terms of these employments were corroborated by the claimant so that they may be accepted as verity. In May, 1935 the claimant and his wife moved to the state of Wyoming, going there on the advice of a physician in the hope that the change might improve his condition. In May and June of that year he made trips by automobile once a week for eight weeks from Hulett, Wyoming to another village, his wife driving the car, and on these trips he solicited advertisements for a newspaper and received a small remuneration in butter and eggs.

During the latter part of 1934 and in the spring of 1935, he worked for about two months as a clerk in the Works Department of the county, a relief agency in Wyoming, receiving $17.50 per week for his services. In the fall of 1935 he was employed by C. D. Roberts Milling Company for about two months on a commission basis as a salesman earning about $100 per month out of which he was required to pay the expense of operating his automobile and it was necessary to have his wife drive the car. The employer did not know of his having any epileptic seizures during that employment. The claimant testified that the employment in the relief office was really not work as all he did "was to hand out jobs to the fellows as they came in and

tell them where to go," that he was forgetful and was finally dismissed. The wife of claimant testified that when he was not employed the attacks of epilepsy did not occur so frequently, but that after he had worked for the milling company for two weeks the convulsions recurred about twice a week and that he gave up the employment at her suggestion as the acute attacks were coming much more frequently. There was evidence to the effect that the claimant from the time of the accident was subject to convulsions. At an earlier date a period of as much as three months elapsed between the attacks, but later the seizures occurred with much more frequent regularity, finally reaching two attacks a week.

The claimant also produced as a witness Dr. George Wilson who specialized in the treatment of nervous and mental diseases. He testified that he had under his charge 150 epileptics at one time and had specialized in such cases since 1918, that in a hazardous occupation or in an occupation such as painting or carpentering his employment would be a menace not only to himself but to his fellow employees and that he would be discharged from a clerical position as soon as the employer learned that he was so afflicted and that any mental strain tended to bring on a convulsion. The doctor testified as to the difficulties in finding employment for epileptics on the basis of twenty years' experience in dealing with patients so afflicted who sought employment.

Dr. Yaskin, called by appellants, testified in part as follows: "The fact is that he did work, and that answers for itself, and I think it is also a fact that he could very probably be able to work between these spells provided they don't come too frequently; based on his own statements that the spells are as far apart as two months, he may be able to do some special type of work. It is needless to say this man should not be permitted to work in connection with any machinery

or any type of work that would put a great strain on his nervous system, for once subject to stress and strain he is going to have spells." Reading this statement of the appellants' expert with the facts that when claimant worked he was stricken with convulsions twice a week and that he had two attacks within a week before the hearing before the referee, we can only conclude that the testimony of appellants' own expert inferentially supported the finding by the referee.

We have had occasion to consider a number of cases falling in the shadow zone between partial and total disability, situations where the claimant was not a totally helpless or bedridden invalid, but was able to move about and perform some useful service and where a question arose as to whether the claimant was totally disabled as that term is used in the Workmen's Compensation Law.

In *Consona v. R. E. Coulborn & Co.*, 104 Pa. Superior Ct. 170, 158 A. 300, the claimant due to a head injury was so affected that he could only do light work of a very limited character and his incapacity was such that he could not be expected to hold a job. He could not even do light work uninterruptedly. We held that since it was not shown that work of the character he could perform was available it would be presumed that it was not available. In short, he was placed in the "nondescript" class. In *Jones v. Hazle Brook Coal Co.*, 119 Pa. Superior Ct. 409, 179 A. 783 and in *Hale v. Susquehanna Col. Co.*, 126 Pa. Superior Ct. 342, 191 A. 225, we followed the same principles as in the Consona case.

Appellant relies upon the cases of *Tomlinson v. Hazle Brook Coal Co.*, 116 Pa. Superior Ct. 128, 176 A. 853, *Yednock v. Hazle Brook Coal Co.*, 109 Pa. Superior Ct. 182, 167 A. 236, and *Beals v. State Workmen's Ins. F.*, 131 Pa. Superior Ct. 418, 200 A. 178. In the Tomlinson and Yednock cases it appeared that the claimant could do light work, but it also appeared that he had been

offered such work by his employer. These cases are distinguished from the Consona case as it was shown that light work of a character he could perform was in fact available. In the Beals case the claimant had a shop of his own where he was able to do light work, which he was actually performing. At the time of the hearing he was working for a contractor and doing some work in his own shop and when he was on the stand he stated that he was working at the time, was in a hurry to get away and did not want to miss a day. In each of these cases the claimant was able to do light work and such work was shown to be available.

Now the appellants contend that the claimant has shown by reason of his various employments that he is able to do some light clerical work and that such work is available. There are here, however, other facts to be taken into consideration. This claimant is suffering from a serious ailment, epilepsy. His employment by a relief association furnished at best a poor measure of his ability and he was even then dismissed after a trial. His employment by the milling company resulted in an increase in his convulsions so that he had them at the rate of two a week and they were recurring at the same rate at the time of the hearing and he was on that account compelled to give up that employment.

It is not our duty to balance the evidence but we must determine whether there was any evidence to sustain the findings of the board and if so, we are bound thereby: *Slemba v. Hamilton & Sons*, 290 Pa. 267, 138 A. 841. We believe that the board was warranted in concluding that the instances when the claimant did obtain employment disclosed on his part an honest effort, as the board said, to rehabilitate himself and that he demonstrated that he could not engage in such light clerical work as was available to him without bringing on these attacks at more frequent intervals. The testimony of the experts called by claimant and by

defendants support the conclusions of the fact finding bodies. Even a layman not possessed of expert knowledge of epilepsy knows that very few employers, if any, would employ an epileptic who is subject to two attacks a week. This case is distinguished from those relied upon by the appellant by the fact that the claimant here performed his full duty in endeavoring to adjust himself to some employment and by such trials demonstrated that his health would not permit him to pursue even such light work as he could obtain. As we stated at the outset the facts presented a situation from which the board could conclude that this claimant was totally disabled on and after February 28, 1936 as that expression is used in the law. This appeal was concerned with the payment of compensation after that date.

While there was some evidence of epileptic attacks in the Beals case, the claimant there was able to do light work and was actually performing such work at the time of the hearing. He had shown that he could at that time secure employment and there was no evidence that his health was impaired by what he did. There was a radical difference in the facts proved in this and the Beals case.

Judgment affirmed.