## Keiser *v.* Philadelphia and Reading Coal and Iron Company, Appellant.

Argued December 14, 1938.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and
RHODES, JJ.

*Penrose Hertzler,* with him *M. M. Burke,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1939:

This controversy in a workmen's compensation case arose out of a petition by the employer for the termination of an open agreement for total disability.

Compensation was paid 300 weeks, the maximum period for ʻpartial disability. On January 22, 1936, the employer filed a petition for the termination of the agreement, in which it was alleged that claimant has an earning power as he is able to work. The claimant filed an answer denying these averments. The referee, after hearing, dismissed the petition and made an award based upon a finding that claimant is totally disabled. The board affirmed the referee and the court below entered judgment upon the award. This appeal by the employer followed.

On February 8, 1930, the claimant, while in the em-

ploy of the defendant as an ordinary laborer, sustained a fracture of the fifth lumbar vertebra as the result of an accident. The injury affected him from the waist up, requiring him to wear a brace. It rendered him incapable of walking normally or bending his body, and at times his breathing is impaired. The physicians called by the claimant testified that he is unable to perform any kind of labor.

It appears that claimant was elected to the office of tax collector of Mahanoy City in 1933 and that he received substantial commissions on the money collected. The duties of the office were not required to be discharged personally by the claimant, and the referee found as a fact that practically all the work connected therewith was done by claimant's wife and assistants she hired.

The question for our determination is whether the facts establish that claimant is totally disabled within the meaning of the workmen's compensation law. The answer thereto is not dependent upon whether he receives an income from a public office which does not require his personal services. The true test to apply is, Did the injury deprive him of his earning power?

It was entirely proper, of course, for the compensation authorities to consider the fact that claimant was elected tax collector, in determining whether he has an earning power; but that fact is not necessarily controlling. It does not follow inevitably that in receiving emoluments by virtue of holding public office claimant has an earning power. That source of income is not earnings or wages based on his performance of manual or clerical work. As pointed out by Mr. Justice (now Chief Justice) KEPHART, in *Bausch v. Fidler*, 277 Pa. 573, 579, 121 A. 507: "Earning power, under the statute, does not always depend upon the sum actually received, but on a consideration of all the elements that make it up or detract from it as defined or considered by the compensation act."

The reasonable inference from the underlying facts adduced is that this claimant, with all his physical affliction, is incapable of performing any sort of labor.

It must always be borne in mind that the disability contemplated by our compensation law is the loss of earning power as the result of an injury. If the compensation authorities find on sufficient evidence that a claimant is not able to do continuously even light work of a general character, then he is entitled to compensation for total disability: *Consona v. R. E. Coulborn & Co. et al.,* 104 Pa. Superior Ct. 170, 158 A. 300; *Byerly v. Pawnee C. Co. et al.,* 105 Pa. Superior Ct. 506, 161 A. 460. *Maishock v. State Workmen's Ins. Fund,* 129 Pa. Superior Ct. 118, 195 A. 143.

In *Henry v. Pittsburgh Railways Co.,* 131 Pa. Superior Ct. 252, 200 A. 294, the claimant sustained an injury to his left foot while in the course of his employment. An agreement was executed providing for payment of compensation for total disability. Subsequently, the employer requested that the agreement be terminated, alleging that claimant's disability had ceased and that he had obtained employment as a tipstaff in the Court of Common Pleas of Allegheny County and was receiving more wages than at the time of the accident. The principal issue involved in that case was whether claimant was entitled to further compensation for partial disability. We stated there that the amount of salary paid him as court officer was not decisive of the question as to the extent of his disability. In many instances, income, whether in the form of wages or commissions, received subsequent to an injury, is not satisfactory evidence of earning power. It does not conclusively reflect earning power or the lack of it.

Concluding, as we do, that the holding by the claimant of a public office, to which is attached certain remuneration, does not of itself establish an earning power, and that the evidence showed that the claimant

is totally disabled to perform any labor, no reason appears for disturbing this award.

Judgment affirmed.