Hughes *v.* H. Kellogg and Sons et al., Appellants.

Argued September 29, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Louis Wagner,* with him *Thomas J. Clary* and *Richard A. Smith,* for appellant.

*Henry A. Frye,* with him *Moffett & Roth,* for appellee.

OPINION BY HIRT, J., April 18, 1940:

Claimant in this compensation case had been in the employ of defendant continuously for more than twelve years. His work was manual labor and consisted in distributing merchandise within defendant's warehouse. In the course of his employment a packing case fell from a truck injuring his right leg. He received compensation for total disability for a period of two years ending July 30, 1933 and, by modification of the agreement, for partial disability thereafter for the balance of 300 weeks from the date of the injury, ending July 6, 1937. Before receiving the last payment claimant petitioned for a further modification of the compensation agreement alleging that because of an aggravation of his injury he had become totally disabled "in that he cannot do the only type of labor available for him." After hearing, both the referee and board found that claimant was totally disabled and awarded compensation accordingly. The lower court affirmed, and judgment was entered on the award. This appeal by defendant employer and the insurance carrier followed. The judgment will be reversed.

There is little dispute as to the facts. Claimant returned to work in 1933, about two years after the injury and since that time, has been in the employ of defendant continuously, at a weekly wage of $15. He was so employed at the time of the hearing before the referee. The work that he has been able to do is not the heavy labor which he performed before the injury but consists in light work, cleaning and sweeping the warehouse, and in acting as watchman to prevent stealing, and as a checker of goods. The referee found that about June 1, 1937 claimant's injured leg broke out in new sores and since that time he has been suffering from a traumatic ulcer of the tibia; "That for some time the claimant has been receiving the sum of $15 from his former employers, Kellogg and Sons; that no track is kept of his comings or goings at his place of employment, and that the position which he now

has is due to the generosity of his employer and not to the fact that he is able to do anything" and that because of the aggravation of the original injury he has become totally disabled. No new or additional findings were made by the board.

The question whether disability is total or partial is one of fact to be determined in the first instance by the compensation authorities: *Byerly v. Pawnee C. Co. et al.*, 105 Pa. Superior Ct. 506, 161 A. 460. And our review is confined to ascertaining whether or not the finding of total disability is sustained by substantial competent evidence. Since claimant sought to change the terms of his agreement, the burden was upon him to support his allegation that his disability has become total: *Carson v. Real Estate-Land T. & T. Co.*, 109 Pa. Superior Ct. 37, 165 A. 677.

To determine whether a claimant is totally disabled within the meaning of the Workmen's Compensation Act, the true test to be applied is: did the injury deprive him of his earning power? *Keiser v. Philadelphia & Reading C. & I. Co.*, 134 Pa. Superior Ct. 104, 4 A. 2d 188. Before this claimant is entitled to compensation for total disability, it must appear from the evidence, either that he is not able to do even light work of a general character or that remunerative employment in that class of labor is not available to him: *Consona v. R. E. Coulborn & Co. et al.*, 104 Pa. Superior Ct. 170, 158 A. 300; *Maishock v. State Workmen's Ins. Fund*, 129 Pa. Superior Ct. 118, 195 A. 143; *Keiser v. Philadelphia & Reading C. & I. Co.*, supra.

In the opinion of claimant's physician he is incapable of doing any work which requires him to stand on his feet, without aggravation to the traumatic ulcer. This conclusion upon which the finding of total disability was based, ignores the fact that claimant has been continuously employed since 1933 and that during the period he has been able to do the light work assigned to him. True, the fact that an employee receives wages

after he sustains an injury is not controlling on the question of earning power, (*Henry v. Pittsburgh Railways Co.*, 131 Pa. Superior Ct. 252, 200 A. 294), and a claimant may recover for total disability notwithstanding an income from sources which do not involve personal services: *Keiser v. Philadelphia & Reading C. & I. Co.*, supra. But to sustain the award in this case we must find from the evidence that the wages received by claimant were wholly unearned. This we are unable to do. Though claimant was reemployed after the injury by defendant largely from considerations of sentiment and he was not held to definite hours of employment nor to the strict performance of definite duties, yet the services which he has performed have been of value to his employer. Though for sentimental reasons a job was created for claimant, the wages paid him were not gratuitous and work of the kind that he has demonstrated that he is able to do, has been available. The good faith of his employer has not been questioned and it may be assumed that the same opportunity for employment will continue. Claimant therefore cannot be classed as a nondescript: *Babcock v. Babcock & Wilcox Co. et al.*, 137 Pa. Superior Ct. 517, 9 A. 2d 492. We are unable to find substantial evidence supporting the basic conclusion of fact that claimant has been totally disabled. "The proper test is not whether the claimant is able to do exactly the same kind of work as he did before the injury, but whether his earning power is entirely destroyed so that he cannot obtain remunerative employment": *Byerly v. Pawnee C. Co. et al.*, supra.

The judgment is reversed and directed to be entered in favor of the defendant.