## Nikotis *v.* Buckeye Coal Company et al., Appellants.

Argued April 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*S. H. Torchia,* with him *Ralph H. Behney* and *Claude T. Reno,* Attorney General, for appellants.

*Patrick D. Reinhart,* for appellee.

OPINION BY BALDRIGE, J., June 26, 1940:

The claimant in the course of his employment on November 18, 1935, sustained an injury to his left leg. A claim petition was filed. The referee, after a hearing held on October 27, 1936, ordered the payment of compensation for a period of 42 1/7 weeks from November 25, 1935 to September 15, 1936, and as of that date terminated the payment of compensation.

The claimant appealed to the board and it found that the injury was at a site of scarred tissue due to a previous mishap, which hindered a recovery from the current accident so that the wound became infected causing a draining of pus; that there was little improvement in the condition of the leg until shortly before the date of the hearing and that the testimony did not indicate that there was a termination of disability at the time

of the hearing, or that there was any change in the claimant's condition. The board, therefore sustained the appeal and awarded compensation for total disability until such time as the disability ceases or is changed. An appeal to the court of common pleas affirmed the action of the board.

The claimant testified that he first went to the office of Dr. Yoder, who was the defendant's physician, where he was treated by Dr. Clark, an assistant. Dissatisfied with the service he received, he visited on November 19, 1935, his own physician, Dr. Teagarden, who treated him for a couple months when his leg healed. He testified further that at the time of the hearing it was alright, except that it was a little stiff but that he was able to run "just a little bit"; that it wasn't bandaged, and that he could use it and could do light work.

Dr. Teagarden, called by the claimant, testified that while he saw him on November 19, 1935, he did not examine the leg until about a week later when he found an open wound discharging pus. He gave treatment for six weeks when he discharged him, temporarily, as his leg was healed and the union of the tissues seemed to be firm. Part of that time it had been more or less spongy and upon pressure would exudate pus on the skin. This condition seemed to have disappeared and he considered, and told claimant, that he could return to some kind of work.

Dr. Yoder, called by the defendant, testified that he saw the claimant November 18, 1935, and found a small wound on the left leg which seemed to be nothing more than a scratch. He saw the claimant at intervals for a period of five weeks, and then did not see him until three or four weeks before the hearing when the wound had healed and the cut apparently united, but he had a high blood pressure, which had no relation to the injury in his leg. He refused to pass him for employment until he had reduced his blood pressure. This testi-

mony relating to the high blood pressure was uncontradicted.

All of the testimony conclusively shows that at the time of the hearing claimant had at least sufficiently recovered to do some form of work and therefore was not entitled to compensation for total disability. See *Yednock v. Hazle Brook Coal Company,* 109 Pa. Superior Ct. 182, 167 A. 236.

The case is remanded to the lower court with instructions to remit it to the compensation board that it may, upon the facts which have been produced before it, reduce the amount now payable for total disability to such sum as will compensate claimant for the partial disability which he may be now experiencing.