Earley *v.* Philadelphia & Reading Coal & Iron Company, Appellant.

Argued March 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Penrose Hertzler,* with him *David L. Ullman* and *E. Mac Troutman,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY BALDRIGE, J., April 16, 1941:

This appeal in a workmen's compensation case involves the question whether the defendant's application to terminate an agreement should have been granted.

The claimant admittedly sustained an accidental injury while at work on March 22, 1933, when coal from a chute hit him causing a fracture of the first lumbar vertebra. An agreement for total disability was entered into and compensation was paid thereunder from March 30, 1933 to February 1, 1939, inclusive, a period of 305 weeks. On March 10, 1939, the employer, appellant herein, petitioned for a termination of the agreement, alleging that the claimant had established earning power and was not entitled to further compensation

as he had been paid the maximum allowed by law for partial disability.

At the hearing before the referee it was established that the claimant had been elected justice of the peace in 1935, began discharging the duties of his office in 1936, and has continued so to do. The county controller testified that his records showed that the claimant as justice of the peace had received in excess of $2000 a year, and that his fees have been increasing yearly. The amount of his income from this source is, as we understand it, conceded. The referee found that: "...... he *earned* certain fees for the handling of cases before him ...... It is admitted by the defendant that the claimant is not in a condition or position to go out in the open labor market and compete for a job because of his physical condition resulting from the accident. There are selective types of work no doubt that the claimant can do, however, we find that as a result of his physical condition he is a nondescript and is totally disabled for the purposes of compensation." (Italics supplied)

The claimant admitted that he conducts hearings, asks questions of witnesses, makes decisions, swears parties to papers that go out of his office, and that he performs the usual duties of a justice of the peace. He has the assistance, however, of a young man who has other employment, and when he has finished his regular work at 5:30 p. m. he acts as a clerk for the claimant. For these services the clerk is paid sums ranging from $25 to $32.50 per month.

The appellant contends that the testimony conclusively establishes that the claimant is not entitled to total disability as an industrial nondescript. Dr. Martin, called on its behalf, testified that the claimant could do certain selective work, such as running an elevator, attending a gasoline filling station, filling the job of a watchman, flagman, or clerical work. Dr. Robinhold, produced by the claimant, stated that he

regarded the claimant as totally disabled to do manual labor, but he did not express an opinion that he was fit to do light work.

The fact that one is unable to go out and compete in the so-called labor market and do hard work because of his physical limitations does not necessarily mean that he is a nondescript. This court, speaking through Judge CUNNINGHAM, very clearly points out in *Conley v. Allegheny County,* 131 Pa. Superior Ct. 236, 200 A. 287, where there was testimony that the claimant was unable to go into the open labor market and compete with other employees, that the law does not fix that as a sole basis for an allowance of compensation for total disability, nor is it ground for finding that the injured party is a nondescript in the labor market.

It is a matter of common knowledge that there are many people who have a permanent partial disability and are unable physically to perform laborious duties, but they are capable of performing certain types of light work. It does not follow because one is physically handicapped to a certain extent that he can be correctly designated as an industrial nondescript. In *Consona v. R. E. Coulborn & Co. et al.,* 104 Pa. Superior Ct. 170, 158 A. 300; *Jones v. Hazle Brook Coal Company,* 119 Pa. Superior Ct. 409, 179 A. 783; *Hale v. Susquehanna Collieries Co.,* 126 Pa. Superior Ct. 342, 191 A. 225; *Eckley v. Rae,* 128 Pa. Superior Ct. 577, 194 A. 575, and other cases which could be cited, we held that the respective claimants were industrial nondescripts, although we have recently stated that that term is misleading and recommended that its use should be discontinued: *Conley v. Allegheny County,* supra. In each of the cases we have just mentioned, however, the physical incapacity of the claimant was so pronounced that he was incapable of steadily doing even light work.

We stated in *Babcock v. Babcock & Wilcox Co. et al.,* 137 Pa. Superior Ct. 517, 523, 9 A. 2d 492, that there

is a fundamental distinction "between those who are able to do light work in general and those who are so limited in capacity that they are only fitted to perform special service, a class of work not generally available." It is the latter class of cases where allowance of total disability is warranted.

In *Byerly v. Pawnee Coal Co. et al.*, 105 Pa. Superior Ct. 506, 161 A. 460, where total permanent disability was alleged because the claimant could not resume his usual employment as a coal picker, we said, p. 508: "The proper test is not whether the claimant is able to do exactly the same kind of work as he did before the injury, but whether his earning power is entirely destroyed so that he can not obtain remunerative employment."

A review of our decisions will show that we have consistently adhered to the line of demarcation between the two classes of cases. The first includes persons who have sustained accidental injuries, but are capable of steadily performing certain types of light work. It is presumed that such work is available, and that one can procure it. In those circumstances a claimant is entitled to compensation for partial disability. The second class embraces those who are not able uninterruptedly to do even light work owing to their physical limitations due to accidental injuries. If suitable work is available for such a person it is incumbent upon the defendant to show that fact, otherwise a claimant is entitled to total disability: *Consona v. R. E. Coulborn & Co. et al.*, supra.

It is true that a claimant in some cases may recover for total disability notwithstanding he has an income from a source that does not involve personal services on his part. *Keiser v. Philadelphia and Reading Coal and Iron Company*, 134 Pa. Superior Ct. 104, 4 A. 2d 188, and *Hughes v. H. Kellogg and Sons et al.*, 139 Pa. Superior Ct. 580, 13 A. 2d 98, fall within that category. In the latter case we held, speaking through Judge

Hiet, that if an employee receives wages after he sustains an injury it is not necessarily controlling on the question of earning power. But if one receives wages, in order to warrant the finding of total disability the sums received by the claimant must be wholly unearned.

The undisputed testimony in this case, as we have observed, is that this claimant personally performs his official duties and earns the fees he receives. Furthermore, according to his own admission he operates an automobile and there is uncontradicted testimony that he is able to attend and take part in "shoots" at a gun club where one tests his skill in shooting clay pigeons and live birds, which requires a certain amount of physical endurance. His activities lead to the inescapable conclusion that he is not totally disabled.

The court below cited a number of cases including *Plum v. Hotel Washington et al.,* 125 Pa. Superior Ct. 280, 189 A. 792; *Henry v. Pittsburgh Railways Company,* 131 Pa. Superior Ct. 252, 200 A. 294; and *Reckner v. General Water Company et al.,* 131 Pa. Superior Ct. 538, 200 A. 297, in support of its decision in affirming the board's refusal to terminate the agreement. None of these cases is controlling as in each of the cases relied upon by the appellee and the court the claimant was held entitled to compensation for partial not total disability.

A careful consideration of this case convinces us that all the competent evidence is to the effect that the claimant was but partially disabled. The 300 weeks having expired for permanent partial disability the application of the appellant should have been granted.

The judgment of the court below is reversed and is now entered for appellant.