## Nagel *v.* McDonald Mining Company et al., Appellants.

528 

Argued October 12, 1942. 

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY,
JJ. 

*Karl E. Weise,* for appellants.

*Frank Reich,* with him *Ludvick Zupancic,* for appellee.

OPINION BY KELLER, P. J., November 18, 1942:

On August 14, 1939, this claimant was hurt, while in the employment of the defendant, by the sudden stopping of a motor-propelled mine car, in which he was riding, throwing him forcibly against an iron rail. His injuries, as described in the compensation agreement entered into by the parties, were "contusion of right clavicle, fracture of transverse process of first dorsal vertebrae, fracture of third rib"; but subsequent examination and X-ray photographs showed that they extended much further. He was dismissed from the hospital on September 10, 1939 and was discharged by the attending surgeon, as able to return to work, on November 5, 1939, up to which date he was paid compensation. He returned to work on November 6, 1939 and worked until April 3, 1940. But he refused to sign a final receipt, because he was doing his work with great difficulty and much pain.

On June 12, 1940 the defendant filed a petition to terminate the compensation agreement, alleging that

all disability from the accident had ceased on November 6, 1939. Claimant filed an answer denying that disability had ceased and averring that he was still permanently and totally disabled as a result of the accident.

The burden was on the defendant to prove the averments of its petition.

The referee after hearing the witnesses produced by the defendant, including its superintendent and Dr. Berg, who had treated the claimant following the accident, and the claimant himself and his medical witness, Dr. Fiske, and also two impartial expert witnesses called by the referee, viz., Dr. Heberling, an orthopedic surgeon, and Dr. Ray, a physician specializing in X-ray work, found that the defendant had not sustained the burden of proof resting upon it; that as a result of the injuries sustained by the claimant in the accident of August 14, 1939, he was totally and continuously disabled to November 6, 1939, on which day he returned to work and continued to work every day that work was available, *with discomfort*, however, until April 3, 1940, when the mine closed down, and that he has not worked since ...... "that the claimant was totally disabled due to a large bony growth extending from about the center of the clavicle laterally and downward toward the coracoid process of the scapula, which was due to a hemorrhage or a periosteum tearing and which growth developed between the time that the X-ray pictures were taken by Dr. Berg, the attending physician, and the time of the examination by Dr. Fiske in June, 1940, which total disability began on April 4, 1940 and still continues."

He accordingly dismissed defendant's petition for termination, but suspended payments under the compensation agreement from November 6, 1939 to April 6, 1940, from which latter date, compensation would be payable.

On appeal to the board, that body carefully reviewed

the medical testimony, which was conflicting, and accepted that of claimant's physician, Dr. Fiske, and of the impartial experts, who testified to claimant's total disability and that it was the result of his accident of August 14, 1939; and affirmed the findings of fact, conclusions of law and order of the referee. On appeal, the court of common pleas affirmed the order of the board.

As stated by the board, the issue narrowed to a question of the credibility which should be attached to the testimony of the respective witnesses. The board agreed with the referee in accepting the testimony of Doctors Fiske, Heberling and Ray, rather than of Dr. Berg.

There being ample competent testimony to support the board's action we cannot disturb it; but our own opinion, formed from a reading of the evidence, is in accord with its findings.

We do not agree with appellant that the medical testimony of the witnesses, accepted by the board, proves that claimant is only partially disabled.

We think it is sufficient to put claimant in the second class referred to by Judge BALDRIGE in *Earley v. Phila. & R. C. & I. Co.*, 144 Pa. Superior Ct. 301, 305, 19 A. 2d 615, "which embraces those who are not able uninterruptedly to do even light work owing to their physical limitations due to accidental injuries. If suitable work is available for ...... a person [so disabled] it is incumbent upon the defendant to show that fact, otherwise a claimant is entitled to total disability". See also, *Jones v. Hazle Brook Coal Co.*, 119 Pa. Superior Ct. 409, 179 A. 783; *Lewis v. Bethlehem Mines Corp.*, 140 Pa. Superior Ct. 128, 13 A. 2d 107.

Judgment affirmed.