## Naughton *v.* Kettl (Columbia Casualty Company, Appellant).

Argued December 8, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*H. R. Detweiler,* with him *James J. Burns, Jr.* and *Frank R. Ambler,* for appellant.

*Robert C. Haberstroh,* for appellee.

OPINION BY RENO, J., January 27, 1944:

The compensation authorities found that claimant was totally disabled by an accident in the course of her employment. The court below affirmed their conclusions, and the case comes here upon the appeal of the employer who contends that the disability is only partial. The only evidence offered was that of claimant and her witnesses; no testimony was offered on behalf of the employer. The question before us is whether there is sufficient competent evidence to sustain the findings of fact.

Claimant is fifty-eight years old; she was employed for fifteen years at $9 per week as a clerk in "a one-man drug store," so called in the testimony; she waited on customers, maintained the stock, dusted the counters, attended to the post-office sub-station in the store, and delivered purchases to the homes of customers. While delivering a package she met with an accident which caused an intracapsular fracture of the right femur, which has so incapacitated her that she is unable to walk without crutches. The attending physician testified that the injury has totally disabled her and that this condition will continue for some time in the future.

There is testimony, meager and insufficiently developed, that claimant has some knowledge of typewriting, stenography and bookkeeping. She testified upon cross and re-direct examination that she could operate a typewriter; could take shorthand, but had never 'been employed as a stenographer; and knew something about bookkeeping, but was "not so good at that either." She had some experience as a seamstress, twenty years ago, and since then has made her own clothing. Upon this testimony, appellant bases its contention that claimant is only partially disabled. But it requires no vast powers of discernment to perceive that this woman, fifty-eight years old, hobbling about on crutches, has little, if any, real chance for employment however willing she may be to undertake it. Viewing her condition realistically, as we must, (*Conley v. Allegheny Co.*, 131 Pa. Superior Ct. 236, 250, 200 A. 287), we cannot find that in her present condition she is fit to act as a stenographer which ordinarily, if not always, requires constant moving about in an office to take dictations, file papers, run errands and perform the thousand and one jobs incident to that kind of employment. Typists and stenographers, wherever employed, do not spend their whole time sitting at a desk. As for a seamstress, even without intimate knowledge of its technique, we cannot visualize claimant, with the impediment of crutches, measuring a customer, fitting a dress and, kneeling down to fix or straighten the hem of a garment. Apart from all this, one must recognize in a common-sense approach to the problem what Judge BALDRIGE has said: "It is a matter of common knowledge that there is a general disinclination on the part of employers to give work to cripples": *Consona v. R. E. Coulborn & Co.*, 104 Pa. Superior Ct. 170, 172, 158 A. 300.

Plainly, claimant is not able to do light work of a general character. Her capacity for work is so limited

by reason of the injury and the resultant condition that she is able to perform only special service, a class of work not generally available: *Babcock v. Babcock & Wilcox Co.*, 137 Pa. Superior Ct. 517, 9 A. 2d 492. Appellant has not shown that work of the kind she is able to do is available for her. Her case falls within the second class of cases mentioned in *Earley v. Phila. & Reading C. & I. Co.*, 144 Pa. Superior Ct. 301, 305, 19 A. 2d 615, i. e., "those who are not able uninterruptedly to do even light work owing to their physical limitations due to accidental injuries. If suitable work is available for such a person it is incumbent upon the defendant to show that fact, otherwise a claimant is entitled to total disability."

The conclusion of the board is amply sustained by the evidence.

Judgment affirmed