Bobbouine *v.* Rex Shoe Company et al.,
Appellants.

Argued December 10, 1962. Before RHODES, P. J.,
ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*David L. Pennington,* with him *Joseph R. Thompson,* for appellants.

*Charles J. Bufalino, Jr.,* with him *Gifford Cappellini,* for appellee.

OPINION BY WRIGHT, J., March 19, 1963:

This is a workmen's compensation case in which the Referee, affirmed by the Board, made an award for total disability. Upon appeal to the Court of Common Pleas of Luzerne County, the decision of the Board was affirmed, and judgment was entered in favor of the claimant. The employer and its insurance carrier have appealed.

On February 26, 1958, Mrs. Mary Bobbouine, the claimant, was employed as a stitcher by the Rex Shoe Company. While walking across the employer's parking lot on her way to work, claimant's foot "went down in a hole covered with ice and snow", and she fell on her back. She was suffering severe pain and was immediately taken to the office of Dr. Sylvia Reich, who sent her to the Nesbitt Hospital for x-rays. After returning home claimant called Dr. Albert M. Beiderman, who arranged for her admission to the Pittston Hospital, where she remained ten days. She was treated by Dr. Beiderman until June, 1958, at which time, being pregnant, she was placed under the care of Dr. John Testa. The baby was born on January 4, 1959. Three weeks thereafter she again experienced "severe pain in my lower back . . . and . . . had a terrific swelling of the left leg all the way up to the thigh". She was unable to walk, and was confined to her bed for several weeks under the care of Dr. Testa. On April 7, 1959, the severe back pain and swelling in the leg recurred. Dr. Testa was ill at that time, and claimant was temporarily cared for by Dr. Beiderman. He arranged for her re-admission to the Pittston Hospital, where she remained for twenty-seven days. Claimant was again hospitalized for seven days in April, 1960. She is still under the care of Dr. Testa, and has never been able to resume her employment.

Dr. Beiderman testified that, as of June 22, 1958, claimant was "free from total disability". He made no determination as to partial disability, but reported to the insurance carrier that claimant was able to return to work. Dr. Beiderman further testified that claimant's hospitalization in April, 1959, was due to thrombo-phlebitis, which condition was not causally related to the accident. Our examination of the record leads us to agree with the court below that Dr. Beiderman's testimony "was unfortunately vague and inexact and based upon somewhat incomplete records and hazy recollection". Claimant was not bound by it. Cf. *Jerominski v. Fowler, Dick & Walker*, 372 Pa. 291, 93 A. 2d 433.

Dr. Testa testified that claimant came under his care on July 1, 1958, at which time she was complaining of severe pain in the lower lumbar area, and that he treated her for this condition continuously thereafter, except for the period from April 7, 1959, to May 3, 1959, when she was under Dr. Beiderman's care. Dr. Testa stated that "this patient has a slipped disc and from time to time she has very severe pain—that's when that disc slips out of its position, and when it goes back into normal position she has mild pain". He testified that the swelling in claimant's leg was not due to thrombo-phlebitis, but was caused by the back condition. He explained that a slipped disc causes pain "down the sciatic nerve" which results in a circulatory disturbance with ensuing swelling of the leg. Dr. Testa stated that, during the entire period of time he treated claimant, she was totally disabled.

Dr. Eugene K. Weiss, a witness on behalf of the employer, testified that he examined the claimant on March 28, 1958, and again on July 9, 1959, and that he could find no objective evidence of injury. He expressed the opinion that "claimant cannot possibly have a disc condition", and that the condition of claim-

ant's leg was not causally related to the accident. It is not without significance that Dr. Weiss was unable to find anything wrong with claimant on the date of his first examination, which was within the period during which Dr. Beiderman had diagnosed her condition as totally disabling. The court below comments that "his rejection of the possibility of findings other than his own was almost summary in nature".

The question involved on this appeal is stated by appellants as follows: "Is there sufficient competent evidence to support the Workmen's Compensation Board's finding of total disability". It is appellants' contention that the medical testimony will not support a finding of total disability "beyond the day on which Dr. Beiderman first saw the claimant for the thrombophlebitis, April 7, 1959", and that the record should be remanded for a determination of the degree of partial disability after that date. We are not in accord with this contention.

The extent of physical disability is a complex factual matter dependent upon many variables, and the determination of this question is within the province of the compensation authorities: *Finch v. Jones & Laughlin Steel Corp.*, 198 Pa. Superior Ct. 389, 181 A. 2d 706, as is also the question of the credibility of the witnesses and the weight of their testimony: *Lind v. Argo Lamp Co.*, 198 Pa. Superior Ct. 247, 181 A. 2d 726. Our function is to ascertain whether the Board's findings of fact are supported by the record, and we must view the evidence in the light most favorable to the claimant who has the award: *Spina v. Gahagan Construction Corp.*, 184 Pa. Superior Ct. 420, 135 A. 2d 760.

Appellants contend that the testimony of Dr. Testa established that claimant is only partially disabled. They stress certain of his statements on cross-examination, of which the following is a typical example: "Well,

like I explained, there are times when she is totally disabled. When she has this severe pain she can't do anything at all, and, in a situation like today, she might be able to do something light, of a partial nature". Appellants cite several cases relating to nondescripts,[1] contending that claimant does not fall within that classification. It is argued that claimant is able to do light work in general, and that it must be presumed that such work is available. The answer is, as stated in the opinion below, "that the Board concluded that claimant was unable uninterruptedly to do even light work, and its finding of total disability on the record before it necessarily followed". See *Nagel v. McDonald Mining Co.*, 150 Pa. Superior Ct. 527, 28 A. 2d 805. We are bound by the Board's finding. Cf. *Morgan v. Pittsburgh Business Properties*, 198 Pa. Superior Ct. 254, 181 A. 2d 881.

Judgment affirmed.

---

[1] *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A. 2d 104; *Consona v. Coulborn and Co.*, 104 Pa. Superior Ct. 170, 158 A. 300; *Sorby v. Three Rivers Motors*, 178 Pa. Superior Ct. 187, 114 A. 2d 347; *Cohen v. Doubleday & Co.*, 191 Pa. Superior Ct. 106, 155 A. 2d 378.